### FRANK WILLIAMS V. THE STATE.

No. 11457.   Delivered March 21, 1928.

Rehearing denied April 25, 1928.

**1.—Burglary—Indictment—Charging a Former Conviction—Sufficient.**

Where an indictment charging burglary also charged that the defendant had been formerly convicted of a like offense in one count, under Art. 63 of our Penal Cole, said indictment was sufficient.

**2.—Same—Continued.**

Appellant is not here charged with the prior offense: "The prisoner is not tried over for his first offense," but the allegation and proof of same being material to the punishment only, he has the right to such allegation thereof as will enable him to take issue thereon, and if possible to show

that there is a mistake in identity, or that there was no final former conviction, etc. See Long v. State, 36 Texas (Sup. Ct.) Reports, 6, and Kinney v. State, 45 Tex. Crim. Rep. 500.

#### 3.—Same—Continued.

Statutes authorizing increased penalties for successive offenses are to be found in the codes of most if not all of the states of the Union, and have been uniformly held to be constitutional. They merely prescribe increased punishment to be affixed to subsequent convictions for offenses already set out in the books. See Corpus Juris, Vol. 16, Sec. 3150, and cases cited in original opinion.

#### 4.—Same—Statement of Facts—Not Filed Within Time—Cannot Be Considered.

The statement of facts in this case was not filed within the time prescribed ·in Art. 760, C. C. P., and the "memorandum of exceptions" appearing in the record not being approved by the trial court, and not having been filed until more than four months after notice of appeal, cannot be considered.

##### ON REHEARING.

#### 5.—Same—No Error Shown.

No matter is presented on rehearing which has not been correctly passed upon in the original opinion, and the motion is overruled.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for burglary and under a former conviction for like offense, penalty assessed at life in the penitentiary. ·

*Harmon & Harmon* and *Patrick H. Kveton* of Dallas, for appellant.

*William McCraw,* District Attorney of Dallas County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment confinement in the penitentiary for life.

The indictment set out in proper form the burglary of a house by appellant in Dallas County on May 13, 1927, and then proceeded to allege that prior to the commission of said burglary so charged, and on March 26, 1924, this appellant was charged in a court of competent jurisdiction with burglary of another house, which offense is set out in detail and with the same particularity as if it had been the only offense charged, which allegation is followed by the further statement that a final judgment of conviction was entered against appellant upon the · trial of said last named charge. In like manner it is also fur-

ther alleged that prior to said conviction of 1924, appellant was on October 24, 1921, finally convicted of another burglary.

Appellant made a lengthy motion to quash. An indictment like this—drawn to charge one under Art. 63, P. C., with the commission of a third offense of like character with two other and prior similar offenses, so that upon trial, if sustained by proof, the punishment will be enhanced—is not, in our opinion, open to the objection that it charges in one count two or more separate and distinct offenses. Appellant is not here charged with the offenses of 1924 and 1921, and as said in the early case of Long v. State, 36 Texas, 6: "The prisoner is not tried over again for his first offense," but the allegation and proof of same being material to the punishment only, he has a right to such allegation thereof as will enable him to take issue thereon, and, if possible, to show that there is a mistake in identity, or that there was no final former conviction, etc. The still earlier case of Regina v. Clark, Dears, 198-201, is referred to in the opinion in the Long case, supra, in which case appears the statement by Lord Campbell, regarded as sound and applicable here, as follows:

"A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as a historical fact."

This court in Kinney v. State, 45 Tex. Crim. Rep. 500, upholds the same doctrine. For somewhat the same reason we do not think an indictment like this subject to the objection that it seeks to again place the accused in jeopardy, upon an offense already disposed of. Nor do we think the indictment here charges an offense merely contemplated, nor that same is vague or indefinite, or violative of any of the constitutional or statutory rights of the accused. Statutes authorizing increased penalties for successive offenses are to be found in the Codes of most, if not all, of the states of the Union. Corpus Juris, Vol. 16, Sec. 3150, and notes. Their constitutionality seems uniformly upheld, Id., Sec. 3151. Such statutes create no offense, and are therefore not open to the criticism that they fail to define offenses with the particularity required by our Constitution. They merely prescribe increased punished to be affixed to subsequent convictions for offenses already set out in the books. As is said in some of the authorities, such punishment in the given case is made more severe, "Because by

his persistence in the perpetration of crime the accused has evinced a depravity which merits a greater punishment." People v. Stanley, 47 Cal. 113, 17 American Rep. 401; State v. Moore, 121 Mo. 519, 26 S. W. 345; State v. Collins, 180 S. W. 866. In the case last cited appears a quotation from People v. Raymond, 96 N. Y. 39, which is as follows:

"The first offense was not an element of or included in the second, and so subjected to added punishment, but is simply a fact in the past history of the criminal, which the law takes into consideration when prescribing punishment for the second offense. That only is punished."

This quotation is followed by the statement that the punishment is merely enhanced from the character of the criminal, and is inflicted for the offense last committed. This is on the authority of Howard v. State, 139 Wis. 532, 121 N. W. 133; McIntyre v. Commonwealth, 154 Ky. 149, 156 S. W. 1058, and Commonwealth v. Hughes, 133 Mass. 496.

We have noted the able brief of appellant and have examined each proposition, and all the authorities cited therein, but believe them inapplicable. The motion for new trial herein was overruled in August, 1927, and the statement of facts not filed until January, 1928, which is manifestly too late under Art. 760, C. C. P. There are no bills of exception, the "memorandum of exceptions" appearing in the record not being approved by the trial court and not having been filed until more than four months after the overruling of the motion for new trial.

Being unable to agree with any of the contentions made by appellant, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Article 63 of the Penal Code reads as follows:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

The indictment in the present case was drawn with a view of invoking the application of said article. Before the state would be entitled to claim the enhanced punishment it was necessary to prove the two former felony convictions; being necessary to prove them it was likewise required that the former convictions be alleged in the indictment. We have examined appel-

lant's motion for rehearing and the authorities to which it refers us but think they have no application under our statute and procedure.

The motion is overruled.

*Overruled.*