Johnny FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 63415.

Court of Criminal Appeals of Texas, Panel No. 3.

July 16, 1980.

Rehearing Denied Sept. 17, 1980.

C. C. Divine, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann and Jim Leitner, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of theft. Punishment, enhanced by proof of two prior felony convictions as alleged in the indictment, was assessed at life.

■ In his first ground of error, appellant apparently complains that the State was permitted improperly to enhance his punishment under two separate provisions of the Penal Code. The indictment alleged a primary offense of theft of property of the value of over $20 but under $200. V.T.C.A., Penal Code, Section 31.03(d)(4)(C) provides that that offense, otherwise a misdemeanor, is punishable as a third degree felony if a defendant "has been previously convicted two or more times of any grade of theft." Pursuant to the provisions of V.T.C.A., Penal Code, Section 31.03(d)(4)(C), the indictment in this case charged that appellant had previously been convicted of two counts of felony theft and one count of misdemeanor theft. Accordingly, appellant was properly charged with commission of a felony.

The State alleged further, for purposes of enhancement, that appellant had previously been convicted of the felony offense of burglary and the felony offense of possession of heroin.

■ Appellant seemingly contends that his punishment was unlawfully obtained because the basic theft offense was doubly enhanced. We disagree. There can be no dispute that under V.T.C.A., Penal Code, Section 31.03(d)(4)(C), appellant was properly charged with commission of a felony. Accordingly, the question is whether, and under what circumstances, such a charge may be enhanced under V.T.C.A., Penal Code, Section 12.42(d). In *Rawlings v. State*, 602 S.W.2d 268 (decided this day), we held that:

"The punishment for felony theft of property having a value of less than $200, Section 31.03(d)(4)(C), supra, may be enhanced under Section 12.42(a) or (d) only if the prior felony convictions used for that purpose are for an offense other than theft. Stated in the converse, prior felony theft convictions may not be used to enhance, pursuant to Section 12.42(a) or (d), the punishment for felony theft of property having a value of less than $200."

Clearly, this is not a case like *Rawlings*. We hold that where a felony offense is properly charged subject to the provisions of V.T.C.A., Penal Code, Section 31.03(d)(4)(C), enhancement counts may be alleged according to V.T.C.A., Penal Code, Section 12.42(d) based upon prior convictions for non–theft felony offenses. Appellant's first ground of error is overruled.

■ Appellant next complains that "the evidence of prior convictions is insufficient to support the allegations and stipulations of previous convictions." We admit of considerable difficulty in comprehending appellant's ground of error as we do also in interpreting his argument thereunder. We deduce, however, that he contends the evidence to be insufficient to sustain a finding that he had twice previously been convicted of theft offenses, a prerequisite to a finding of a felony theft offense under V.T.C.A.,

Penal Code, Section 31.03(d)(4)(C). As appellant admits, the record reflects that he stipulated to evidence of his final convictions in cause number 63425 (felony theft) and cause number 195141 (misdemeanor theft). This was sufficient to support the charge of felony theft under the special provisions of V.T.C.A., Penal Code, Section 31.03, supra.

■ Appellant, in the same ground of error, asserts that the evidence was insufficient to support the court's finding that appellant had, in fact, been convicted of the prior felony offenses alleged in the two enhancement paragraphs. It is shown by the record that appellant pled true to both of these paragraphs at the punishment stage and that at the guilt/innocence stage he had admitted his conviction of the offense of forgery as alleged in one enhancement paragraph. Appellant's plea of true to the enhancement allegations of the indictment was sufficient to support the court's finding. Moreover, the record reflects that the State offered pen packets to support the enhancement allegations. We are in no doubt that the evidence was sufficient to support the findings shown in this record that appellant had been previously convicted of the crimes alleged in the indictment. Accordingly, we overrule appellant's second ground of error.

■ In his third ground of error, appellant contends that the trial court erred "in charging the jury on the law of circumstantial evidence." Though we have read and considered every argument advanced by appellant under this ground of error, we are entirely at a loss to comprehend what the burden of his complaint might be. We take him at his word, though, that he assigns as error the trial court's submission of a charge on circumstantial evidence. Though we are struck by the singularity of this complaint, we nonetheless hold that, since appellant did not object to the submission of the charge below, he cannot now be heard to complain of it on appeal. *Mulchahey v. State*, 574 S.W.2d 112, 118 (Tex.Cr.App.1978); *Soto v. State*, 513 S.W.2d 931, 936 (Tex.Cr.App.1974). Therefore, since nothing is presented for review, appellant's third ground of error is overruled.

■ Finally, appellant asserts that the evidence was insufficient to sustain the jury verdict of guilty. Having viewed the evidence in the light most favorable to the jury's verdict, as we must do, we disagree.

Brenda DeCarrie testified that she was employed by American Industrial Tires as a bookkeeper. She stated that as she was leaving her place of employment on the morning of September 9, 1977, she observed two men in an "old beat–up, gray car" which was backed up to the delivery door. She identified appellant as the man who sat in the driver's seat of the car. She stated that she came within two feet of this car and that its motor was running at the time. The witness stated that she watched appellant and his companion from a short distance for "[p]robably about 30 seconds, something like that, a minute." DeCarrie testified that, her suspicions aroused, she walked into the building and informed Frank Bayne, one of her employers, that she was suspicious of the two persons sitting in the car by the rear door of the premises. Bayne testified that he saw, upon going outside, an old Chevrolet automobile backed up to the doorway. In the back of this car were four L78–15 steel–belted radial tires. He identified appellant as the driver of the car. Bayne stated that when he approached the car appellant put it in motion and fled the scene. The witness testified that the value of each tire was greater than $20 and that he had care, custody and control of the tires and that they were taken without his effective consent.

George Redumis, a salesman for American Industrial Tires, testified that, having heard a commotion outside the building, he ran out the rear delivery door. He stated that he saw appellant Foster sitting in the driver's seat of an old gray Chevrolet. Redumis testified that he asked appellant for invoices to match the steel–belted radial tires which he saw in the back of appellant's car. At this point, Redumis testified, appellant began to drive away, having re-

sisted Redumis' efforts to restrain him. The witness Redumis testified that four tires, identical to those which he saw in appellant's car, were missing from a pile inside the delivery door of American Industrial Tires.

Though the witnesses Bayne and Redumis stated, in response to appellant's cross-examination, that they had conducted no inventory of the tires in their possession prior to the incident involving appellant, each was adamant in his testimony that the tires seen in the back of appellant's car had been removed from the premises of American Industrial Tires. It was established that the tires stolen were never recovered and for this reason, perhaps, the trial court submitted to the jury a charge on circumstantial evidence. An inventory conducted after appellant departed the driveway of American Industrial Tires revealed that four tires which had been stored just inside the rear door of the premises were missing. We hold that the evidence discussed above was sufficient to authorize a jury to find appellant guilty of the theft charged. Appellant's fourth ground of error is overruled.

The judgment is affirmed.