**Simon SMALLWOOD a/k/a Odell Clark, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00511–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 27, 1992.

Discretionary Review Refused May 20, 1992.

**35**

Bobbi Blackwell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, Linda A. West, Anthony Brown, Asst. Dist. Attys., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

This is an appeal from a conviction for felony theft. Appellant was charged by indictment with third degree felony theft pursuant to the third offender provision of the Texas Penal Code. TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp.1992).[1] Appellant's punishment was also enhanced pursuant to the habitual offender statute of the Texas Penal Code. TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1992). The range of punishment mandated by section 12.42(d) is a minimum of 25 years to 99 years or a life sentence. TEX.PENAL CODE ANN. § 12.42(d). A jury found appellant guilty and, after hearing evidence and finding the enhancement paragraphs true, assessed punishment at 50–years confinement. We affirm.

Background

On January 19, 1990, appellant was arrested for shoplifting three packages of meat having a combined value of $27.64. This offense is a class B misdemeanor, punishable by a fine not to exceed $1,000, or by confinement in jail for a term not to exceed 180 days, or both. Appellant's offense, however, was enhanced by two prior felony theft convictions. Thus, he was charged with third-degree felony theft of property having a value of less than $750. TEX.PENAL CODE ANN. § 31.03(e)(4)(E). The

---

1. Section 31.03(e)(4)(E) provides, in relevant part: a felony is a third degree if the value of the property is less than $750 and the defendant has been previously convicted two or more times of any grade of theft.

indictment also included two enhancement paragraphs based on two other prior felony (non-theft) convictions for burglary of a building and possession of a controlled substance. TEX.PENAL CODE ANN. § 12.42(d). In three points of error, appellant argues the State was improperly permitted to enhance his punishment under two separate provisions of the Texas Penal Code. Appellant contends the simultaneous application of section 31.03(e)(4)(E), to upgrade his misdemeanor theft to a third-degree felony, and the application of section 12.42(d), to then enhance the resulting felony under the habitual offender statute, violates his federal and state constitutional rights. We will address the constitutionality of section 31.03(e)(4)(E) first.

Constitutionality of section 31.03(e)(4)(E)

In his third point of error, appellant argues section 31.03(e)(4)(E) is unconstitutional and violates his rights to equal protection and due process of law. We disagree.

■ Section 31.03(e)(4)(E) provides that a misdemeanor theft can be upgraded to a third-degree felony when the "value of the property stolen is less than $750 and the defendant has been convicted two or more times of any grade of theft." Appellant asserts that the statute is overbroad and denies him equal protection and due process of the law.

Appellant does not cite this Court to any authority to support his contention that section 31.03(e)(4)(E) is unconstitutional. The constitutionality of section 31.-03(d)(4)(C), the predecessor number of section 31.03(e)(4)(E),[2] has been questioned under the fifth and fourteenth Amendments of the Constitution of the United States and article I, section 9 of the Texas Constitution. The Court of Criminal Appeals rejected these contentions and held that section 31.03(d)(4)(C) does not violate due process, nor does it place an accused in double jeopardy. *Diamond v. State,* 530 S.W.2d 586, 587 (Tex.Crim.App.1975).

Appellant's third point of error is overruled.

Simultaneous application of section 31.-03(e)(4)(E) and section 12.42(d)

■ In his second point of error, appellant asserts the simultaneous application of section 31.03(e)(4)(E) and section 12.42(d) results in double enhancement and allows an accused to be placed in double jeopardy, in violation of his fifth, eighth, and fourteenth amendment rights.

In *Foster v. State,* 603 S.W.2d 879 (Tex. Crim.App. [Panel Op.] 1980), the defendant argued his punishment was unlawfully obtained because an otherwise misdemeanor theft offense was doubly enhanced. The Court of Criminal Appeals disagreed and held where a felony offense is properly charged pursuant to section 31.03(d)(4)(C) (the predecessor of section 31.03(4)(E)), enhancement counts may be alleged according to section 12.42(d), so long as the prior felony convictions used to enhance punishment are for an offense other than theft. *Foster,* 603 S.W.2d at 880; *Rawlings v. State,* 602 S.W.2d 268, 270 (Tex.Crim.App. [Panel Op.] 1980).

It is well settled that the use of prior convictions for enhancement purposes does not constitute double jeopardy. *Whittle v. State,* 179 S.W.2d 569, 570 (Tex.1944); *Williams v. State,* 109 Tex.Crim. 450, 5 S.W.2d 514, 515 (Tex.1928). Moreover, the constitutionality of enhancement statutes, like section 12.42(d), have been sustained against contentions that they violate "constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Spencer v. Texas,* 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967); *Rodriguez v. State,* 614 S.W.2d 448, 450 (Tex. Crim.App.1981).

At the guilt stage of the trial, the record reflects the State introduced pen packets showing that appellant had been twice convicted of felony theft, once in 1987 and again in 1989. Thus, it cannot be disputed that appellant was properly charged with commission of a third degree felony. *Fos-*

---

**2.** Acts of June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex.Gen.Laws 930, *amended by* Act of June 14, 1985, 69th Leg., R.S., ch. 599, § 1, 1985 Tex.Gen.Laws 2245.

*ter,* 603 S.W.2d at 880; TEX.PENAL CODE ANN. § 31.03(e)(4)(E).

Because appellant was properly charged pursuant to section 31.03(e)(4)(E), the State was entitled to enhance appellant's punishment under section 12.42(d), so long as the offenses alleged were prior felony convictions for nontheft offenses. *Foster,* 603 S.W.2d at 880; *Rawlings,* 602 S.W.2d at 269. Section 12.42(d) provides:

> (d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Correction for life, or for any term of not more than 99 years or less than 25 years.

TEX.PENAL CODE ANN. § 12.42(d).

The record further reflects the State introduced pen packets showing appellant had been convicted in 1968 of burglary of a building and in 1977 of possession of a controlled substance. These prior nontheft felony convictions were the basis of the enhancement paragraphs alleged in the indictment. The jury was instructed that if it found both enhancement paragraphs to be true, it would assess punishment within the range of punishment set out in section 12.42(d). Accordingly, the jury set punishment at 50-years confinement. Appellant's punishment was properly enhanced. *Foster,* 603 S.W.2d at 880; TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1992).

Appellant's second point of error is overruled.

Cruel and excessive punishment

In his first point of error, appellant argues his punishment of 50-years confinement constitutes both double jeopardy and cruel, and excessive punishment in violation of his fifth and eighth amendment rights.

Appellant contends his punishment for shoplifting less than $30 worth of property was extreme, cruel and excessive punishment and does not remotely relate to the nature of the crime.

Appellant relies on *Solem v. Helm,* where the United States Supreme Court stated, "although a sentence may be within the range permitted by statute, it may nonetheless, run a foul of the Eighth Amendment's prohibition against cruel and unusual punishment." *Solem v. Helm,* 463 U.S. 277, 282–90, 103 S.Ct. 3001, 3005–09, 77 L.Ed.2d 637 (1983). The court also noted that no penalty is *per se* constitutional. *Solem,* 463 U.S. at 291, 103 S.Ct. at 3010. The court held that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. However, as the court pointed out, reviewing courts should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. *Id.*

In *Solem,* the accused was convicted of uttering a no account check, a felony in the state of South Dakota regardless of the amount. He was sentenced as a habitual criminal under that state's recidivist statute which mandated that a third-offender felon be punished by confinement in prison for life without the possibility of parole. This sentence, as applied to Helm, was found to be prohibited by the eighth amendment. *Solem,* 463 U.S. at 303.

However, *Solem* is distinguishable from the instant case. First, the issue presented in *Solem* was whether the eighth amendment proscribes a life sentence *without possibility of parole* for a seventh nonviolent felony *Solem,* 463 U.S. at 279, 103 S.Ct. at 3004. The issue before this Court is whether the eighth amendment proscribes a sentence of 50 years, *with the possibility of parole,* for a ninth nonviolent felony.[3] Thus, the possibility of parole

**3.** The State introduced pen packets showing that appellant was the same person convicted of theft in 1965, 1968, 1972, 1987, and 1989. In 1965 and 1968, he was convicted of burglary of a building; in 1977, of possession of a con-

makes appellant's sentence qualitatively different from Helm's life sentence without parole.

The court in *Solem*, distinguished the case from its decision in *Rummel v. Estelle* on the same ground. *Solem*, 463 U.S. at 298, 103 S.Ct. at 3013. The court stated that Helm's sentence was far more severe than the life sentence it considered in *Rummel*. *Id.* The court noted the fact that Rummel was likely to have been eligible for parole within 12 years of his initial confinement, was a fact that the court relied on heavily in its holding that Rummel's punishment did not violate the eighth amendment. *Solem*, 463 U.S. at 298, 103 S.Ct. at 3013. Second, in distinguishing *Solem* from its decision in *Rummel*, the court also noted that the Texas and South Dakota sentencing schemes are very different. *Solem*, 463 U.S. at 302, 103 S.Ct. at 3016. The court stated that, in *Rummel*, it not only considered the existence of some system of parole, but also looked to the fact that Texas had a relatively liberal policy of granting good time credits to its prisoners. *Id.* Thus, this Court is better guided by the United States Supreme Court's decision in *Rummel*.

In *Rummel v. Estelle*, 445 U.S. 263, 286, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980), the court held an automatic life sentence imposed after a third nonviolent felony conviction, pursuant to the 1974 version of the Texas recidivist offender statute,[4] did not constitute cruel and unusual punishment. William Rummel was sentenced to life in prison after being convicted of obtaining $120.75 by false pretenses. Rummel's two prior felony convictions were for fraudulent use of a credit card to obtain $80 worth of goods or services and passing a forged check in the amount of $28.36. The court stated that given Rummel's record,

Texas was not required to treat him in the same manner as it might treat him were this his first petty property offense. *Rummel*, 445 U.S. at 285, 100 S.Ct. at 1145. The court held Rummel's life sentence did not constitute cruel and unusual punishment. *Rummel*, 445 U.S. at 286, 100 S.Ct. at 1145.

■ Appellant has been incarcerated five separate times. He has received nine felony convictions. He has now received a sentence of 50 years with the possibility of parole and the possibility of the good time credits referred to in *Rummel*. Appellant's conduct in violating the peace and dignity of the State repeatedly from 1965 to 1990, is properly considered in evaluating whether or not the 50 years he received for this conviction is cruel and unusual punishment. Based on his past convictions and the sentence he received, we hold his punishment did not violate the fifth or eighth amendment protections against double jeopardy or cruel and unusual punishment.

Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.

O'CONNOR, J., dissenting.

O'CONNOR, Justice, dissenting.

I dissent. Simon Smallwood, while purchasing groceries, hid $27.64 worth of meat on his person, was caught, was charged with a felony (two prior convictions were used to enhance the misdemeanor to a felony), was convicted, and was sentenced to 50 years (two prior convictions were used to enhance the sentence range). I agree with the appellant that 50 years imprisonment for stealing $27.64 worth of meat is cruel

trolled substance; and in 1971, of attempted burglary.

**4.** The 1974 version of the Texas recidivist offender statute provided:
> If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the

first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Correction for life.

Acts of June 14, 1983, 63rd Leg., R.S., 399, 1973 Tex.Gen.Laws 908, *amended by* Act of 1983, 68th Leg., R.S., ch. 399 § 1, 1983 Tex.Gen.Laws 1750.

and excessive, and violates the state and federal constitutions.

Under the authority of *Solem v. Helm*, 463 U.S. 277, 282–90, 103 S.Ct. 3001, 3005–3010, 77 L.Ed.2d 637 (1983), we should hold that the appellant's sentence is cruel and unusual punishment. In *Solem*, the Supreme Court held that the eighth amendment prohibits punishment that is disproportionate to the crime committed. *Solem*, 463 U.S. at 284, 103 S.Ct. at 3006. It is a precept of justice that punishment for crime should be graduated and proportioned to the offense. *Weems v. United States*, 217 U.S. 349, 372–73, 30 S.Ct. 544, 553, 54 L.Ed. 793 (1910).

There is nothing graduated about a 50–year sentence for stealing $27.64 worth of meat. In Texas, 60 years is the life sentence, the maximum the State can incarcerate a person. If the State can send a person to prison for 50 years for stealing $27.64, then all other crimes, short of capital murder, must fit in the intermediate range of punishment between 50 and 60 years. Thus, the punishment for robbery, sexual assault, assault, non-capital murder, and the endless list of other crimes, all more serious than stealing $27.64, must fit within the 50 to 60 year range.

Neither is there anything proportional about a 50–year sentence for stealing $27.64 worth of meat. In *Solem*, the Supreme Court established an objective three-part test to a sentence under the eighth amendment: (1) compare the gravity of the offense and the harshness of the penalty; (2) compare the sentences imposed on other criminals in the same jurisdiction; and (3) compare the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 290–91, 103 S.Ct. at 3010.

In applying the objective tests from *Solem*, I would find the appellant received almost the maximum sentence for a relatively minor crime. *Solem*, 463 U.S. at 303, 103 S.Ct. at 3016 (the Supreme Court reversed the sentence of defendant, a recidivist, who was sentenced to life for uttering a passing a check for $100 without having an account at the bank). Here, the appel-lant, also a recidivist, was sentenced to 50 years, 10 years short of life imprisonment.

Second, I would find the appellant has been treated more harshly than other criminals in this State who have committed more serious crimes. In *Solem*, the Supreme Court looked to statutory punishment for other crimes in the same state and held that at the time of sentencing, the state of South Dakota was required to impose a life sentence for murder, treason, first-degree manslaughter, first degree arson, and kidnapping. *Solem*, 463 U.S. at 298, 103 S.Ct. at 3014. In comparing murder, treason, first-degree manslaughter, first degree arson, and kidnapping to passing a check without an account, the Court held only a handful of crimes, all more serious, warranted similar punishment; and, many other crimes more serious than passing a check did not warrant a life sentence. *Solem*, 463 U.S. at 298–99, 103 S.Ct. at 3014. In Texas, crimes such as murder, aggravated kidnapping, aggravated sexual assault, and deadly assaults on certain public officials are subject to a mere minimum term of five years confinement and under certain circumstances no prison confinement at all.

Last, I would find the appellant has been treated more harshly than he would have been in any other jurisdiction. In his brief, the appellant compares similar crimes from Georgia, Alabama, Connecticut, Illinois, Iowa, Colorado, California, Arkansas, Florida, Delaware, and Indiana. No state has a scheme as harsh as Texas. Of all the states, Georgia has the harshest similar scheme: A second offender could receive a minimum of three to a maximum of 20 years, 30 years short of the appellant's punishment.

We can also look to the United States Sentencing Commissions, Guidelines Manual (1991). Under the federal sentencing scheme, theft for $100 or less has a base level of 4. Guidelines Manual p. 47. Because no other factor that could increase the level applied for stealing meat with a value under $100 (no firearm or other destructive device was used, the theft was not from the person of another, not from the U.S. mail, did not involve more than a

minimal amount, did not involve a scheme to steal a vehicle, and did not jeopardize the safety of a financial institution), the appellant's base level remains at 4.

Under Chapter Four, the appellant would collect points for his criminal history. Here is the appellant's criminal history:

| Cause No. | Date | Offense | Sentence/yrs. |
| --- | --- | --- | --- |
| 128027 | 4–11–68 | Theft | 2–6 |
| 128028 | 4–11–68 | Burglary/theft | 2–6 |
| 258318 | 9–16–77 | Possession/heroin | 5–30 |
| 113699 | 6–16–65 | Burglary | 2–3 |
| 113700 | 6–16–65 | Theft | 2–3 |
| 174682 | 2–8–72 | Burglary/theft | 4–9 |
| 172891 | 12–8–71 | Burglary/theft | 4 |
| 481784 | 8–12–87 | Felony/theft | 10 |
| 518431 | 11–19–89 | Felony/theft | 5 |

To collect the appellant's points for his criminal history, first we would add 3 points for each prior sentence that exceeded one year and one month, for a total of 27 points; to that we add 2 points because the defendant committed this crime within two years after release from imprisonment, for a total of 29 points for his criminal history category. Guidelines Manual p. 261.

Last, we take the appellant's base level of four and his criminal history category of 29 and refer to the sentencing table. Guidelines Manual p. 280. Cross-matching the level of the offense (4) with the criminal history points (29), we would find the sentence the federal government would impose on a similar defendant would be between 6 and 12 months.

Some would challenge the comparison of a 50–year state sentence with a 12–month federal sentence on the grounds that there is no parole in the federal system and in Texas, this appellant would be eligible for parole in twelve and one-half years. Even if we consider the possibility of parole, the sentence here is 12 times more severe than the federal scheme would permit *if the appellant receives parole*. But, I do not think we should consider the possibility of parole. The appellant here is liable for the entire sentence. Thus, the 50–year sentence is 50 times more severe than the federal scheme. In either case, be it 12 times or 50 times more onerous than a sentence under the federal system, the appellant's sentence is seriously disproportional to other sentences.

The majority distinguished *Solem* because the issue presented in that case was whether the eighth amendment proscribes a life sentence without possibility of parole for a seventh nonviolent felony. I believe the Habitual Offender Statute, which mandates a minimum of 25 years to 99 years or a life term of imprisonment upon conviction of three felony offenses, is a statute that compares to the one in *Solem*, albeit less severe. I disagree with the majority that the possibility of parole makes the appellant's sentence qualitatively different from Helm's life sentence without parole. Even with parole, the theft of $27.64 does not warrant a 50–year sentence.

I would sustain appellant's point of error one.