Arthur CANTU, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–92–01099–CR, A14–92–01107–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1993.

Dick Wheelan, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from two theft convictions. Appellant plead guilty to the theft of a pair of shoes in cause number 609,578 and to the theft of a camera and ten containers of nasal spray in cause number 621,946. In both instances the value of the stolen merchandise was under $750. As a result of two prior theft convictions, appellant was convicted of third degree felony theft pursuant to the third offender provision of the Texas

Penal Code. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp.1993). Appellant's conviction was enhanced under section 12.42(d) of the Texas Penal Code because he previously had been convicted of burglary of a building and possession of cocaine. *See* TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1993). Appellant was sentenced to twenty-five years confinement.

Appellant asserts two points of error contending the dual application of sections 31.-03(e)(4)(E) and 12.42(d) of the Texas Penal Code is unconstitutional. Section 31.-03(e)(4)(E) makes the theft of property valued under $750 a third degree felony if the defendant previously had been convicted two or more times of any grade of theft. TEX.PE-NAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp.1993). Section 12.42(d) mandates that confinement be between twenty-five years and ninety-nine years when the defendant is convicted of a felony and had been convicted previously of two felony offenses. The appellant argues that the combined effect of sections 31.03(e)(4)(E) and 12.42(d) results in double jeopardy and a disproportionate punishment in relation to the offense in violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Texas Constitution.

■ Appellant argues, in his first point of error, that the combined effect of applying both sections 31.03(e)(4)(E) and 12.42(d) results in double jeopardy. Appellant contends that he is being punished twice for the theft offenses by receiving felony sentencing from section 31.03(e)(4)(E), and by having the sentence enhanced, by section 12.42(d), as a result of the theft becoming a felony. The only support appellant cites for this proposition is an unpublished federal district court opinion.

This issue was addressed in *Smallwood v. State*, 827 S.W.2d 34 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). In *Smallwood*, the court held that the punishment of a defendant, properly charged under section 31.03(e)(4)(E), may be enhanced pursuant to section 12.42(d) so long as two of the offenses alleged were prior felony convictions for nontheft offenses. *Id.* at 37 (citing *Foster v.*

*State*, 603 S.W.2d 879, 880 (Tex.Crim.App. [Panel Op.] 1980)). We agree with the First Court of Appeals and overrule appellant's first point of error.

The State properly convicted appellant for felony theft under section 31.03(e)(4)(E) because appellant had been convicted twice of felony theft. In addition to appellant's theft convictions, he also had been convicted of burglary of a building and possession of cocaine, both felonies. The nontheft felonies properly provide the basis for sentencing enhancement under section 12.42(d).

■ In his second point of error, appellant argues the application of both sections 31.-03(e)(4)(E) and 12.42(d) impose a sentence grossly disproportionate to the offense in violation of the United States and Texas Constitutions. Appellant relies on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), where the United States Supreme Court provided a framework for analyzing the proportionality of sentences in relation to the crimes committed. *Id.* at 290–92, 103 S.Ct. at 3010–11. In *Solem*, the Court reviewed a life sentence without the possibility of parole given to an accused convicted of uttering a "no account" check and sentenced pursuant to a recidivist statute. *Id.* at 280–82, 103 S.Ct. at 3005–06. Although the court reversed the sentence, it noted "[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* at 290, 103 S.Ct. at 3009.

In our case, appellant was sentenced to twenty-five years imprisonment with the possibility of parole. The Supreme Court considers the availability of parole a factor that supports the validity of a sentence. *Solem v. Helm*, 463 U.S. 277, 297, 103 S.Ct. 3001, 3013, 77 L.Ed.2d 637 (1983). For instance, the Supreme Court upheld a sentence of life imprisonment with the possibility of parole for a conviction of a third nonviolent felony pursuant to an earlier version of the Texas recidivist statute. *Rummel v. Estelle*, 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63

L.Ed.2d 382 (1980). The First Court of Appeals, when faced with similar facts and the same argument that are before us, upheld a conviction of fifty years for the shoplifting of meat worth less than thirty dollars for a defendant with nine prior felony convictions. *Smallwood,* 827 S.W.2d at 35. Appellant has five felony convictions and has been sentenced to twenty-five years with the possibility of parole. We do not find his punishment disproportionate to the offense he committed. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.