11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Carl Stevenson Keesee

Appellant

Vs.                   No.
11-01-00330-CR  --  Appeal from Dallas County

State of Texas

Appellee

 

The trial court convicted Carl Stevenson Keesee of
the offense of theft of property valued at less than $1,500.00 with two prior
theft convictions.  TEX. PENAL CODE ANN.
' 31.03(e)(4)(D)
(Vernon Supp. 2002).  Appellant entered
an open plea of guilty to the offense and a plea of true to both enhancement
allegations.  The trial court assessed
appellant=s punishment
at confinement for 20 years and a fine of $5,000.00.  We affirm. 

In his sole point of error on appeal, appellant
contends that the trial court erred by imposing a sentence that was grossly
disproportionate to the offense, constituting cruel and unusual
punishment.  We disagree.  The offense for which appellant was indicted
and convicted is a state jail felony under Section 31.03(e)(4)(D).  The indictment also contained two
enhancement paragraphs alleging that appellant had two prior, non-theft
convictions.  Therefore, under the
habitual offender statute, the applicable range of appellant=s punishment was increased
to that of a conviction for a second-degree felony offense.  TEX. PENAL CODE ANN. ' 12.42(a)(2) (Vernon Supp. 2002).  A second-degree felony is punishable by a
term of confinement of not less than 2 years nor more than 20 years and an
optional fine not to exceed $10,000.00. 
TEX. PENAL CODE ANN. '
12.33 (Vernon 1994).  The trial court
assessed appellant=s
punishment within the applicable range. 
Appellant filed a motion for new trial, raising the issue of cruel and
unusual punishment.  








Under the guise of cruel and unusual punishment,
the Eighth Amendment of the United States Constitution prohibits imposing a
punishment that is Agrossly
disproportionate@ to
the offense for which a defendant has been convicted.  Harmelin v. Michigan, 501 U.S. 957 (1991);  McGruder v. Puckett, 954 F.2d 313 (5th
Cir.), cert. den=d,
506 U.S. 849 (1992); Bradfield v. State, 42 S.W.3d 350, 353 (Tex.App. ‑
Eastland 2001, pet=n
ref=d).  However, when a recidivist statute is
involved, the defendant=s
sentence is Abased not
merely on that person=s
most recent offense but also on the propensities he has demonstrated over a
period of time during which he has been convicted of and sentenced for other
crimes.@  Rummel v. Estelle, 445 U.S. 263, 284
(1980)(upholding Texas sentence of life with the possibility of parole as not
grossly disproportionate to the offense where Rummel was convicted of the theft
of $120.75 by false pretenses -- enhanced by two prior felony convictions).  

In other cases involving convictions for theft
where the punishment was enhanced, our sister courts of appeals have determined
that the punishment was not grossly disproportionate to the offense.  See Lackey v. State, 881 S.W.2d 418
(Tex.App. - Dallas 1994, pet=n
ref=d)(sentence of 35
years upheld); Cantu v. State, 866 S.W.2d 647 (Tex.App. - Houston [14th Dist.]
1993, no pet=n)(sentence
of 25 years upheld); Smallwood v. State, 827 S.W.2d 34 (Tex.App. - Houston [1st
Dist.] 1992, pet=n ref=d)(sentence of 50 years
upheld).  Likewise, we hold that
appellant=s punishment
was not grossly disproportionate in this case. 
Although appellant=s
crime in this case was the theft of 14 packages of nonprescription medicine,
the record from the punishment hearing shows that appellant=s criminal record dates
back to 1978 and that appellant has been Ain
and out of the Court system@
since that time.  Appellant=s sole point of error is
overruled.  

The judgment of the trial court is affirmed.  

 

W. G. ARNOT, III

CHIEF JUSTICE

 

August 15, 2002

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.