Opinion issued February 19, 2004






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01034-CR




FLOYD P. TARVIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 881716




MEMORANDUM OPINIONAppellant Floyd P. Tarvin pleaded not guilty to a felony driving while
intoxicated (DWI) offense, having been twice previously convicted of DWI. A jury
found Tarvin guilty. At the punishment hearing, the trial court found two felony
enhancement paragraphs true, including Tarvin’s earlier convictions for involuntary
manslaughter and for possession of a controlled substance with intent to deliver. The
trial court sentenced Tarvin to 60 years’ confinement. We conclude that Tarvin failed
to raise in the trial court his contention that his assessed punishment violates the cruel
and unusual punishment provision of the Eighth Amendment to the United States
Constitution. Moreover, the trial court’s sentence is not constitutionally infirm. We
therefore affirm. 
Cruel and Unusual Punishment
          In his sole issue, Tarvin contends that his 60-year sentence for DWI violates
the cruel and unusual punishment provisions of the Eighth Amendment to the United
States Constitution because the sentence imposed is 120 times the maximum
punishment for the unenhanced offense. See U.S. Const. amend. VIII. 
          To preserve error for appellate review, an appellant must make a timely,
specific objection, at the earliest opportunity, and obtain an adverse ruling. See Tex.
R. App. P. 33.1. Tarvin did not object at the sentencing hearing to his 60-year
sentence on the basis of cruel or unusual punishment, nor did he file a motion for new
trial. Accordingly, he has waived this issue. See Curry v. State, 910 S.W.2d 490,
497-98 (Tex. Crim. App. 1995); Steadman v. State, 31 S.W.3d 738, 742 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). 
          Even if Tarvin had preserved this complaint, his contention fails. The State
need not treat an accused charged under a recidivist statute in the same manner as one
charged as a first-time offender. See Rummel v. Estelle, 445 U.S. 263, 284, 100 S. Ct.
1133, 1144 (1980); Smallwood v. State, 827 S.W.2d 34, 38 (Tex. App.—Houston [1st
Dist.] 1992, pet. ref’d). The Eighth Amendment does not require strict
proportionality between the crime and sentence; rather, it forbids extreme sentences
that are “grossly disproportionate” to the crime. Ewing v. California, 538 U.S. 11,
123 S. Ct. 1179, 1186-87 (2003) (plurality opinion) (rejecting constitutional
challenge to 25 years to life sentence imposed on shoplifter under California’s
three-strikes law). In determining whether the sentence is grossly disproportionate,
this court considers not only the present offense but also the defendant’s criminal
history. See Smallwood, 827 S.W.2d at 38.
          The State presented a lengthy account of Tarvin’s criminal history during the
sentencing hearing. In 1982, a jury convicted Tarvin of involuntary manslaughter for
killing a pedestrian while driving intoxicated. Later that year, while out on bond,
Tarvin robbed a supermarket clerk at gunpoint, and the State charged him with
aggravated robbery. He was convicted of those two offenses and received seven
years’ confinement. In July 1987, he was convicted of possession of a controlled
substance with intent to deliver and received a 12-year sentence. That same month,
he was convicted of a second DWI and received 30 days in the Harris County jail. 
In 1989, Tarvin was convicted of driving while his license was suspended and
received 10 days in the Harris County jail. In 1994, he was convicted of a third DWI-related offense and received two years’ probation. In 2002, he was convicted of
possession of marijuana and received one-year probation.
          Punishment assessed within the statutory limits does not violate federal and
state constitutional prohibitions of cruel and unusual punishment. Samuel v. State,
477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Pequeno v. State, 710 S.W.2d 709, 711
(Tex. App.—Houston [1st Dist.] 1986, pet. ref’d). The trial court enhanced Tarvin’s
punishment under the following statute:
If it is shown on the trial of a felony offense other than a state jail
felony. . . that the defendant has previously been finally convicted of
two felony offenses, and the second previous felony conviction is for an
offense that occurred subsequent to the first previous conviction having
become final, on conviction he shall be punished by imprisonment in the
institutional division of the Texas Department of Criminal Justice for
life, or for any term of not more than 99 years or less than 25 years.
Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2004). Tarvin’s 60-year sentence
fell within the statutory range. Moreover, given Tarvin’s criminal history, we hold
that the trial court’s punishment was not cruel and unusual, as it was not
unconstitutionally disproportionate. 
 
 
 
 
Conclusion
          Tarvin waived any constitutional challenge to the excessiveness of his sentence
because he failed to raise it in the trial court. We therefore affirm the judgment of the
trial court. 
 
                                                             Jane Bland
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).