Opinion issued April 24, 2008













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00045-CR
 

 
 
ANTHONY FLORES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 46,951
 

 
 
MEMORANDUM OPINION

          Following a non-jury trial, the trial court convicted appellant of aggravated
sexual assault of a child.


 After finding that appellant had prior convictions for
aggravated sexual assault of a child and indecency with a child, the trial court
imposed a sentence of life imprisonment, as mandated by the version of subsection
12.42(c)(2) applicable to his offense.


 In his first issue, appellant asserts that the trial
court erred in failing to grant his motion to quash the indictment. In 10 remaining
issues, appellant argues that former subsection 12.42(c)(2)’s mandatory life sentence
violated his right to due process, freedom from cruel and unusual punishment, equal
protection, and trial by jury under the federal and state constitutions. We affirm.
Background
          Appellant was charged with having committed aggravated sexual assault of a
child on or about February 7, 2004. The indictment also included two enchantment
paragraphs, stating that appellant had been previously convicted of aggravated sexual
assault of a child and indecency with a child. After waiving his right to a jury trial,
appellant filed a pre-trial motion to quash the indictment, which the trial court denied. 
Following trial, appellant was convicted as charged. At punishment, the trial court
found the enhancement paragraphs to be true. Because appellant was convicted for
aggravated sexual assault of a child and had previous convictions for aggravated
sexual assault of a child and indecency with a child, the trial court imposed the
statutorily-mandated sentence of life imprisonment. See Act of May 23, 1997, 75th
Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247, 2247–48 (amended 2007). 
Under this punishment, appellant is not eligible for parole until time served equals 35
years.


 Appellant now appeals.
Failure to Quash Indictment
          In his first issue, appellant argues that the trial court committed reversible error
by failing to grant his motion to quash the indictment, because the State did not give
him written notice of which enhancement provision it would be relying upon at
punishmentthe general enhancement under former subsection 12.42(c)(1)


 or the
mandatory life imprisonment under former subsection 12.42(c)(2). The adequacy of
an indictment is a question of law, which we review de novo. Mungin v. State, 192
S.W.3d 793, 794 (Tex. App.—Houston [1st Dist.] 2006, no pet.). 
          Here, appellant directs us to no caselaw or statute mandating that the State
provide a defendant with notice of which enhancement provision it intends to rely
upon at punishment. We conclude that the trial court did not err in failing to grant
appellant’s motion to quash the indictment.
          We overrule appellant’s first issue.
Constitutionality of Mandatory Life Sentence



          In 10 issues, appellant challenges the constitutionality of former subsection
12.42(c)(2) under both the United States and Texas Constitutions. While appellant
asserts his federal and state constitutional issues separately, in no issue does he
provide authority suggesting that the Texas Constitution provides greater rights than
the United States Constitution; therefore, we consider his challenges to both
constitutions together. See Cobb v. State, 85 S.W.3d 258, 267–68 (Tex. Crim. App.
2002).
Cruel and Unusual Punishment
          In his fourth and fifth issues, appellant asserts that former subsection
12.42(c)(2) is unconstitutional because it violates his right to be free from cruel and
unusual punishment under the Eighth and Fourteenth Amendments of the United
States Constitution and article I, section 13 of the Texas Constitution. U.S. Const.
amends. VIII, XIV; Tex. Const. art. I, § 13. In support of these issues, appellant
contends that the trial court, after it found the enhancement paragraphs true, was
unable to consider any mitigating evidence, and the mandatory life sentence imposed
is “grossly disproportionate” to the aggravated sexual assault he committed,
particularly in light of his parole ineligibility for 35 years.



          The State need not treat an accused charged under a recidivist statute in the
same manner as one charged as a first-time offender. See Rummel v. Estelle, 445 U.S.
263, 284, 100 S. Ct. 1133, 1144 (1980); Smallwood v. State, 827 S.W.2d 34, 38 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref’d). The Eighth Amendment does not require
strict proportionality between the crime and sentence; rather, it forbids extreme
sentences that are “grossly disproportionate” to the crime. Ewing v. California, 538
U.S. 11, 23, 123 S. Ct. 1179, 1186–87 (2003) (plurality opinion). The precise
contours of the “grossly disproportionate” standard are unclear, but it applies only in
“exceedingly rare” and “extreme” cases. See Lockyer v. Andrade, 538 U.S. 63, 73,
123 S. Ct. 1166, 1173 (2003). In determining whether the sentence is grossly
disproportionate, we first address the gravity of the offense compared to the harshness
of the penalty. Ewing, 538 U.S. at 28, 123 S. Ct. at 1189. In doing so, we consider
not only the present offense, but also the defendant’s criminal history. See
Smallwood, 827 S.W.2d at 38. 
          Aggravated sexual assault of child is a first-degree felony in Texas, with a
punishment of life imprisonment or a punishment range of five to 99 years
imprisonment.


 Because the mandatory life sentence imposed pursuant to former
subsection 12.42(c)(2) was within the range of punishment for appellant’s offense,
his punishment was not grossly disproportionate to his offense. See McNew v. State,
608 S.W.2d 166, 174 (Tex. Crim. App. 1978) (noting that, where the punishment
assessed is within the limits prescribed by statute, the punishment is not cruel and
unusual within the state constitutional prohibition).


 We hold that appellant’s
mandatory life sentence did not violate constitutional prohibitions against cruel and
unusual punishment.
          We overrule appellant’s fourth and fifth issues.
 
No Notice
          In his second and third issues, appellant asserts that former subsection
12.42(c)(2) caused the violation of his right to due process, because it did not require
the State to provide him with any notice that it intended to seek a mandatory life
sentence based on his prior convictions. Appellant argues that he should have been
afforded notice of what type of punishment the State intended to seek.
          Assuming, without deciding, that appellant was entitled to such notice, the
indictment charged appellant with aggravated sexual assault, and asserted that he had
previously been convicted of aggravated sexual assault and indecency with a child. 
Under former subsection 12.42(c)(2), a defendant, previously convicted of one of
several sexual offenses, including aggravated sexual assault and indecency with a
child, shall receive a life sentence upon conviction of one of several sexual offenses,
including aggravated sexual assault. Act of May 23, 1997, 75th Leg., R.S., ch. 665,
§ 1, 1997 Tex. Gen. Laws 2247, 2247–48 (amended 2007). Therefore, we conclude
that appellant had constructive notice that he would receive a life sentence if he were
convicted of aggravated sexual assault of a child and one of the enhancement
paragraphs was found true. Cf. Moore v. State, 969 S.W.2d 4, 13 (Tex. Crim. App.
1998) (determining that a capital murder indictment gives the defendant notice that
the special issues under article 37.071 of the Code of Criminal Procedure will be
raised). 
          We overrule appellant’s second and third issues. 
Inability to Present Mitigating Evidence
          In his sixth and seventh issues, appellant argues that former subsection
12.42(c)(2)’s mandatory life sentence violated his right to due process, because it
precluded consideration of any mitigating evidence.


 However, it is well-settled that
there is no constitutional guarantee to individualized sentencing in non-capital cases. 
See Lockett v. Ohio, 438 U.S. 586, 602, 98 S. Ct. 2954, 2963 (1978). Therefore,
because appellant had no constitutional right to present mitigating evidence prior to
sentencing, no due process violation occurred. Id. 
          We overrule appellant’s sixth and seventh issues.
Equal Protection
          In his eighth and ninth issues, appellant argues that his equal protection rights
under the Fourteenth Amendment of the United States Constitution and article I,
section 3 of the Texas Constitution were violated by former subsection 12.42(c)(2)’s
mandatory life sentence. U.S. Const. amend. XIV; Tex. Const. art. I, § 3. 
Specifically, appellant contends that the former subsection’s sentencing scheme gave
rise to “unreasonable classifications.” He correctly points out that, at the time of his
offense, a person with a prior conviction of indecency with a child, who is convicted
of aggravated sexual assault, receives a mandatory life sentence. In contrast, a person
with a prior conviction of aggravated sexual assault, who is convicted of indecency
with a child, does not receive a mandatory life sentence. See Act of May 23, 1997,
75th Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247, 2247–48 (amended 2007).


 
Similarly, appellant contends that the Penal Code only imposes the mandatory life
sentence on sex offenders, but not on other non-sex offenders, including murderers.
          Appellant asserts that the mandatory life sentence he received involves a
fundamental liberty interest that requires us to review the subsection with strict
scrutiny. However, equal protection demands a rational basis for legislatively created
classifications creating punishment schemes for criminal offenses. See Smith v. State,
737 S.W.2d 933, 938–39 (Tex. App.—Dallas 1987, pet. ref’d). Therefore, the test is
whether section 12.42(c)(2)’s mandatory life sentence is rationally related to a
legitimate state interest. See City of Cleburne v. Cleburne Living Center, 473 U.S.
432, 440, 105 S. Ct. 3249, 3254 (1985). The burden of proving the lack of a rational
basis for a statute falls on the challenger, who must also show that similarly situated
individuals were treated differently. See Smith v. State, 898 S.W.2d 838, 847 (Tex.
Crim. App. 1995). 
          Assuming that former subsection 12.42(c)(2) treated similarly situated classes
of convicted persons differently, appellant has failed to show how punishing certain
sexual offense recidivists differently than other recidivists is not rationally related to
the legitimate government interest of protecting society from habitual sexual
offenders. The reprehensibleness of specific sexual offenses as compared to other
types of sexual and non-sexual offenses is a determination for the legislature. Cf.
Collins v. Johnston, 237 U.S. 502, 510, 35 S. Ct. 649, 653 (1915) (“[I]t is hardly
necessary to say that the comparative gravity of criminal offenses, and whether their
consequences are more or less injurious, are matters for the state itself to determine”). 
And, while a person with a prior conviction of indecency with a child, who is
convicted of aggravated sexual assault, has committed the same crimes as a person
with a prior conviction of aggravated sexual assault, who is convicted of indecency
with a child, the order in which a person commits sexual offenses is likewise a
consideration the legislature may look at when determining the seriousness of
recidivism. Cf. Rummel v. Estelle, 445 U.S. 263, 284–285, 100 S. Ct. 1133, 1145
(1980) (“[T]he point at which a recidivist will be deemed to have demonstrated the
necessary propensities and the amount of time that the recidivist will be isolated from
society are matters largely within the discretion of the punishing jurisdiction.”). 
Therefore, we hold that former subsection 12.42(c)(2) was not in violation of equal
protection guarantees. 
          We overrule appellant’s eighth and ninth issues.
Right to Trial by Jury
          In his tenth and eleventh issues, appellant asserts that former subsection
12.42(c)(2)’s automatic life sentence violated his right to trial by jury under the Sixth
and Fourteenth Amendments of the United States Constitution and article I, sections
10 and 15 of the Texas Constitution. U.S. Const. amends. VI, XIV; Tex. Const. art.
I, §§ 10, 15. However, it is well established that the right to a jury trial under both
federal and state constitutions does not encompass the right to have the jury assess
punishment. See Barrow v. State, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).
          We overrule appellant’s tenth and eleventh issues.
 
 
 
 
Conclusion
          We affirm the trial court’s judgment.
                                                                         
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b)