Alonzo THOMAS, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.

No. 77–3430.

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1979.

John L. Hill, Atty. Gen., Dunklin Sullivan, Randy E. Drewett, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Richard A. Dawson, Staff Counsel for Inmates, Texas Dept. of Corr., Sugar Land, Tex., for petitioner-appellee.

Before GEWIN, RONEY and GEE, Circuit Judges.

GEE, Circuit Judge:

The director of the Texas Department of Corrections appeals from a judgment granting habeas corpus relief to petitioner Alonzo Thomas. Petitioner was convicted in Texas state court of felony theft, and his sentence was enhanced to life imprisonment by the terms of that state's habitual offender statute.[1] The lower court granted habeas relief without a hearing, finding that it was "virtually certain" that the enhancement paragraphs containing evidence of pe-

---

1. Petitioner was convicted under art. 63 of the Texas Penal Code, which provided:

> Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.

The statute was amended in 1974 and is now Tex.Penal Code Ann. § 12.42(d) (1974).

titioner's two prior felony convictions were read to the jury at the outset of the guilt-innocence phase of his bifurcated trial. The court concluded that this error denied petitioner the right to a fair trial and that it was not harmless beyond a reasonable doubt. We reverse and remand to the district court for consideration of the remaining grounds of the petition.

Petitioner was the only participant in a singularly unsuccessful attempt to rob a grocery store.[2] The record of his trial indicates that at the outset of its guilt phase the prosecutor read "the first count of the indictment" and then read "the second count." Thomas pleaded not guilty to each. Because the petitioner was charged with only one count, the lower court interpreted this to mean the enhancement paragraphs were read as "the first count," and the present charges were read as "the second count."[3] The lower court granted habeas relief on this ground, declining to reach four other grounds advanced for relief.

The parties disagree as to the correctness of the lower court's factual finding that the enhancement paragraphs were read. The state contends that the denial of petitioner's state habeas motions without opinion by the trial court and the court of criminal appeals requires us to infer a state court finding that the enhancement paragraphs were not read. This finding, argues the state, is entitled to a presumption of correctness mandated by 28 U.S.C. § 2254(d). Thus, the argument continues, in the absence of evidence rebutting this presumption of correctness, the federal court's contrary finding is clearly erroneous. We reject this contention of the state.

Section 2254(d) provides that the presumption of correctness of state court findings will obtain unless there was no full and fair hearing that adequately developed the material facts. Also, the statute requires a "written finding, written opinion or other reliable and adequate written indicia" before the presumption of correctness will be given effect. No hearing of any type was held in either of the state courts, and the state trial court order denying the petition said merely that it did not state "sworn facts which, if believed, would entitle him to relief." Thus, there was no state finding that would be entitled to a presumption of correctness in federal court. When the state record is silent, the federal district court can and must make its own findings. *Mason v. Balcom,* 531 F.2d 717, 722 (5th Cir. 1976). While the lower court's finding that the enhancement paragraphs were read is based on a record that is far from clear, we cannot say that it is clearly erroneous.[4]

To grant relief in this case the lower court scaled a formidable obstacle to hold that the error in the state court violated due process. The Supreme Court, in *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), upheld the Texas practice of reading enhancement paragraphs in an indictment to the jury at the outset of a unitary trial.[5] The lower court read *Spenc-*

---

**2.** The facts of this case are fully set out in *Thomas v. Beto,* 474 F.2d 981 (5th Cir.), *cert. denied,* 414 U.S. 871, 94 S.Ct. 95, 38 L.Ed.2d 89 (1973), our prior decision concerning this petitioner.

**3.** Reading the enhancement paragraphs at the outset of the guilt-innocence proceeding is a violation of Texas law. Art. 36.01 of the current Texas Code of Criminal Procedure provides that allegations of prior convictions that are to be used for enhancement purposes only "shall not be read" until the separate punishment proceeding.

**4.** We note that under Texas practice the jury is required to determine whether a defendant is the same person who committed the prior offenses being used for enhancement. The de-

fendant is given an opportunity to plead guilty or not guilty (or true or untrue) to the enhancement paragraphs. *See Moore v. Estelle,* 526 F.2d 690, 691–92 (5th Cir.), *cert. denied,* 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1192 (1976). That this procedure is required reinforces our belief that the record supports a finding that the enhancement paragraphs were read in petitioner's trial.

**5.** Under prior Texas procedure the issues of guilt or innocence and punishment were decided in one proceeding. In 1966 the statute was changed, and what is now art. 37.07 of the Texas Code of Criminal Procedure provided for separate proceedings to determine guilt and punishment. *Spencer* was decided on the basis of the unitary trial procedure.

*er* to imply that its holding would not necessarily be the same under the present Texas bifurcated system. *See Spencer v. Texas,* 385 U.S. at 557 n.2, 87 S.Ct. 648. Its real basis for granting relief, however, seems to be the absence of a specific instruction limiting the jury's consideration of the prior conviction evidence to a determination of punishment. There was only a general admonition in the charge that the indictment was not evidence of guilt. Thus, the lower court apparently concluded that the lack of a limiting instruction allowed the jury to use this enhancement evidence to prejudice petitioner as one with criminal propensities. The lower court, deciding that *Spencer* was inapplicable, held that a constitutional error was committed.

Were this a strict *Spencer* situation—the reading of enhancement paragraphs followed by a limiting instruction—we could confidently hold that no constitutional error occurred. This circuit has considered this issue in a bifurcated-trial context and applied *Spencer* to foreclose habeas relief. *Carter v. Estelle,* 537 F.2d 197, 198 (5th Cir. 1976). We emphasize, as did *Spencer,* that federal courts are not rule-making bodies to promulgate state rules of criminal procedure. On habeas we are concerned with violations of state procedural rules only if the trial is by them rendered fundamentally unfair. While we may think it wiser that enhancement paragraphs never be read in the separate guilt proceeding, as Texas law now requires, we cannot say that due process is denied if the paragraphs are read and followed by a limiting instruction. If this were constitutional error, then *Spencer* could not have been decided as it was. We agree with the lower court, however, that the absence of a limiting instruction makes this case sufficiently different to preclude the application of *Spencer.* We do not reach the issue whether constitutional error resulted from admission of prior conviction enhancement evidence without a limiting instruction because we hold that petitioner waived his right to complain of this alleged error.

No objection was made when the enhancement paragraphs were read in the state trial court, nor did petitioner request the limiting instruction or a mistrial. The Texas Court of Criminal Appeals consistently has held that a contemporaneous objection to the introduction of evidence is required, or later relief on the same ground by appeal or by habeas corpus will be foreclosed. *E. g., Ex parte Gill,* 509 S.W.2d 357, 359 (Tex.Cr.App.1974); *Aldrighetti v. State,* 507 S.W.2d 770, 771–72 (Tex.Cr.App.1974). Specifically, the Texas court requires an objection or a request for an instruction or motion for mistrial before the error of which petitioner complains will be considered reversible. *E. g., Heredia v. State,* 508 S.W.2d 629, 630 (Tex.Cr.App.1974); *Cox v. State,* 422 S.W.2d 929, 930 (Tex.Cr.App. 1968). Therefore, the failure to make a contemporaneous objection as required by state law will preclude federal habeas review of petitioner's claim unless he can show sufficient cause for the failure to object and actual prejudice resulting from the admission of the evidence. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Jiminez v. Estelle,* 557 F.2d 506 (5th Cir. 1977).

The lower court implied that alleged ineffective assistance of petitioner's trial counsel was sufficient cause for his failure to object. We find it unnecessary to decide this question because it is clear to us that petitioner suffered no actual prejudice from the admission of this evidence without a limiting instruction. Actual prejudice, or its absence, must be determined by the facts and circumstances of each case. *See Wainwright v. Sykes,* 433 U.S. at 90–91, 97 S.Ct. 2497, 2508. The danger inherent in the admission of prior convictions is that juries may convict a defendant because he is a "bad man" rather than because evidence of the crime of which he is charged has proved him guilty. *See Michelson v. United States,* 335 U.S. 469, 475–76, 69 S.Ct. 213, 93 L.Ed. 168 (1948), and authorities cited therein. No such prejudice is possible here. The evidence of petitioner's guilt is overwhelm-

ing. A store employee saw petitioner take the money from the cash register. After being pursued from the store and apprehended by another employee, petitioner was heard to exclaim, "Let me go. You have got the money. Let me go." The stolen funds and checks were found under the car next to which petitioner fell when captured. Therefore, we cannot say that the petitioner was actually prejudiced by this erroneous reading of two prior felony convictions to the jury without an accompanying limiting instruction.

Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED for consideration of the remaining grounds in the petition.

RONEY, Circuit Judge, specially concurring:

I would reverse but on a different ground. Without an evidentiary hearing and on the same record, the state court and the district court reached opposite conclusions. The state court found that the enhancement charge had not been read to the jury at the outset of the guilt-innocence stage of the bifurcated trial, whereas the district court held that it was read.

I would reverse the district court's finding for two reasons: first, the state court fact-finding was on the same record as that before the district court, and is entitled to some presumption of correctness; and second, there is no substantial evidence to support the district court's finding.

The reading of the enhancement charge to the jury sitting at the guilt-innocence stage would have been procedural error in Texas at the time. Presumably the state trial judge, the prosecutor, and the defense attorneys all knew this. No objection was made, no question raised. The failure of anyone at the time to note that an improper procedure was being followed, if indeed it was, is sufficient to make erroneous a finding based on an unclear state record, without a further evidentiary hearing.

The petitioner had the burden to prove that the correct procedure was not followed. He failed to do so.