**Billy Charles BURT, Petitioner–Appellant,**

v.

**Steve W. PUCKETT, Superintendent, Mississippi State Penitentiary, Respondent–Appellee.**

No. 90–1619.

United States Court of Appeals, Fifth Circuit.

June 17, 1991.

Jeffrey M. Rosamond, Sp. Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for respondent-appellee.

Before RUBIN,* KING and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Billy Charles Burt is a Mississippi inmate currently serving time for uttering a $35 forged check, a violation of *Miss.Code. Ann.* § 97–21–59.[1] Ordinarily, this offense would have resulted in a sentence ranging from less than one to no more than fifteen years imprisonment, complete with possibility of parole. *Miss.Code.Ann.* § 97–21–33.[2] However, owing to two previous burglary convictions, Burt was sentenced under Mississippi's habitual offender statute, *Miss.Code.Ann.* § 99–19–81,[3] which requires that recidivists receive the maximum sentence possible (here, fifteen years) and that they be denied any prospect of parole or probation. Having exhausted his state remedies, Burt filed an unsuccessful habeas petition with the district court. He now appeals, arguing *inter alia* that his fifteen year sentence is unconstitutionally disproportionate. Although not unsympathetic with Burt, we find his punishment in accord with constitutional requirements and, accordingly, affirm the district court's dismissal of his habeas petition.

* Judge Rubin concurred in this opinion prior to his death on June 11, 1991.

1. § 97–21–59 provides:

   Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered, or counterfeit instrument, or any counterfeit gold or silver coin, the forgery, altering, or counterfeiting of which is declared by the provisions of this chapter to be an offense, knowing such instrument or coin to be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery.

2. § 97–21–33 provides:

   Persons convicted of forgery shall be punished by imprisonment in the penitentiary for a term of not less than two (2) years nor more than fifteen (15) years, provided, however, that when the amount of value involved is less than one hundred dollars ($100.00) in lieu of the punishment above provided for, the person convicted may be punished by imprisonment in the county jail for a term of not more than twelve (12) months, within the discretion of the court.

3. § 99–19–81 provides:

   Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

## I

As the underlying facts are of little significance to Burt's Eighth Amendment claim, we recount them only briefly. On August 14, 1984, Burt went to a local grocery store and presented a clerk with a $35 counter check. At the time Burt was living with his girlfriend and her elderly father, Clinton Clay; the check was drawn on Clay's account and bore a representation of Clay's signature. After Burt told the clerk that Mr. Clay had given him the check and had asked him to purchase some groceries, the clerk accepted the check. Later, however, when the bank refused to honor the check because the signature thereon did not match the signature that the bank had on file for Clay, Burt was arrested, convicted, and sentenced.[4]

## II

As suggested above, the only issue presented in this case that requires discussion is Burt's claim that his sentence contravenes the Eighth Amendment proscription of cruel and unusual punishment.[5] Two Supreme Court holdings guide this inquiry. In *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), a Texas inmate—Rummel—unsuccessfully challenged as excessive a life sentence he had received under Texas's recidivist statute. In 1964 and 1969, respectively, Rummel had been convicted of using a credit card fraudulently (to obtain $80 worth of goods) and of passing a forged check ($28.36); the 1973 conviction that triggered

his life sentence was for theft by false pretenses ($120.75). Only three years later, however, the Court in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) struck down as violative of the Eighth Amendment a life imprisonment term meted out to a defendant sentenced under South Dakota's recidivist statute. Previously, Helm had been convicted of *six* felonies (thrice of third-degree burglary; once each of obtaining money under false pretenses, grand larceny, and third-offense driving while intoxicated); for him, the triggering crime was uttering a forged check ($100).

Significantly and perhaps surprisingly, *Rummel* survived *Solem* and remains good law. *Solem*, 103 S.Ct. at 3015–3016 (*Rummel* is controlling in "a similar factual situation"). In fact, we have construed *Solem* to hold that "*Rummel* still provides the rule in cases with fact situations not *clearly distinguishable* from that in *Rummel* itself." *Moreno v. Estelle*, 717 F.2d 171, 180 (5th Cir.1983) (emphasis added). Thus, the initial question Burt's claim poses is whether the facts of his case are "clearly distinguishable" from those in Rummel's. If they are not, the *Rummel* result—no constitutional violation—applies.

We conclude that *Rummel* is fatal to Burt's proportionality attack. In *Terrebonne v. Butler*, 848 F.2d 500, 502 (5th Cir.1988) (*en banc*), we gleaned two distinctions between *Rummel* and *Solem*: "[ (1) ] that overturning Rummel's sentence would have required questioning a legisla-

---

**4.** The Supreme Court of Mississippi affirmed Burt's conviction and sentence in *Burt v. State*, 493 So.2d 1325 (Miss.1986).

**5.** Aside from the Eighth Amendment claim, Burt's habeas petition makes eight arguments: (1) inadmissible hearsay was introduced into evidence; (2) Burt's statements to law enforcement authorities should have been suppressed; (3) a statement by the sheriff was erroneously admitted into evidence; (4) the trial court failed to provide Burt a handwriting expert; (5) a petit juror was stricken, wrongly, for cause; (6) the trial court should have granted Burt a directed verdict; (7) Burt's peremptory instruction should not have been refused; and (8) the jury verdict goes against the overwhelming weight of the evidence.

Our review of these claims leaves us convinced that none merits habeas relief. Briefly, our reasons are as follows: arguments (1), (2), and (3) each attack a trial court evidentiary ruling yet all fall short of claiming a constitutional deprivation (as required by *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir.1983)); on the facts of this case the state was not required to provide Burt with a handwriting expert; the trial court was well within its bounds to strike Burt's cousin as a juror, especially since Burt had already shared his side of the story with her; the evidence introduced against Burt was ample enough to warrant refusal of his directed verdict and peremptory instruction motions; and finally, the jury's verdict is also safe from Burt's sufficiency challenge.

tive judgment[6], and [(2)] that parole was available to Rummel [after twelve years] but [wholly unavailable] to Helm." Here, neither distinction serves to differentiate Burt's cause. As in *Rummel*, we cannot reject Burt's sentence without casting doubt on a so-called "legislatively-imposed" punishment.[7] With respect to parole, Burt (like Helm) is indeed ineligible. Nevertheless, because Burt (unlike Helm) is to serve but *fifteen years*, his sentence places him on a par with Rummel, who was eligible for parole only upon serving *twelve years* of a life term. Alternatively stated, "the practical effect of [Rummel's] sentence was twelve years without parole or probation—[which poses] a quantitative difference of only three years." *Barnwell v. State*, 567 So.2d 215, 220 (Miss.1990).[8]

Indeed, there are no distinctions that place Burt's appeal out of *Rummel*'s ambit. The slight differences that do exist between the two causes, if anything, cut against Burt rather than for him. For example, although both Burt and Rummel have been convicted of three "non-violent" offenses, two of Burt's convictions (burglary) are not among the ranks of the "truly non-violent" offenses. *Terrebonne*, 848 F.2d at 502.

Given our conclusion that *Rummel* controls, we need not subject Burt's sentence to the tripartite proportionality test first expressed in *Solem*.

### III

We thus reject Burt's claim. Although Mississippi may have imposed a harsh sentence on Burt, it has not transgressed his rights under the Eighth Amendment. The judgment of the district court is therefore

AFFIRMED.

---

6. By this we (and the *Solem* court) meant that "the judge who sentenced Rummel had no choice under the Texas [recidivist] statute but to impose a life sentence, while Helm could have received a lesser sentence under the South Dakota provision[.]" *Terrebonne*, 848 F.2d at 502. ("... the distinction rests partly upon the fact that Rummel's punishment was—as here—imposed not by the judge but by the legislature ...").

7. Burt's sentencing judge had his hands tied: The recidivist statute mandated the maximum sentence, *i.e.*, fifteen years. *Burt v. State*, 493 So.2d 1325, 1330.

8. Moreover, "[i]t should further be noted that while Rummel would be eligible for parole in twelve years, he is not guaranteed parole in that span of time." *Barnwell*, 567 So.2d at 220. In other words, Burt's sentence is likely *less* onerous than Rummel's: whereas Burt is assured of serving fifteen (and *only* fifteen) years, Rummel (who was destined to serve no fewer than twelve years) *could* have been incarcerated for life.