United States Court of Appeals,

Fifth Circuit.

No. 94-20642.

Simon SMALLWOOD, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

Jan. 23, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, DUHÉ and PARKER, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Simon Smallwood (Smallwood) appeals the district court's grant of respondent-appellee's motion for summary judgment and dismissal of his habeas corpus petition under 28 U.S.C. Section 2254. We affirm.

### Facts and Procedural Background

Smallwood was arrested exiting the Fiesta Mart grocery store at 5800 Lyons Avenue in Houston, Texas with three unpaid for packages of meat concealed on his person. This property had a total value of $27.64, and Smallwood was charged with theft of property under the value of $750.

The indictment contained two paragraphs also charging that Smallwood had been convicted of theft on two prior occasions; these convictions upgraded the offense of conviction—otherwise a class B misdemeanor—to a third degree felony. Tex.Penal Code Ann.

§ 31.03(e)(4)(E).[1]

The indictment contained two additional paragraphs charging that Smallwood had been previously convicted of two felonies, burglary of a building and unlawful possession of a controlled substance. Accordingly, the Texas habitual offender statute was invoked, and Smallwood's sentencing range increased to 25 to 99 years, or life. Tex.Penal Code Ann. § 12.42(d).

At trial, the officer from the Loss Prevention Office who apprehended Smallwood testified that he first observed Smallwood on the store's surveillance camera picking up meat in the store's meat department. He subsequently witnessed Smallwood appear in an express check-out lane, where Smallwood purchased a container of juice and a loaf of bread. This officer, assisted by a colleague from the Loss Prevention Office, stopped Smallwood as he exited the store. Asked about Smallwood's reaction to this initial detention, the officer testified that Smallwood said, "I know what it's about. I'm not going to fight you. I just needed this." A search of Smallwood produced a total of three packages of meat which Smallwood had secreted in his pants, partially hiding the bulges with his untucked shirt. On June 4, 1990, the jury found Smallwood guilty of the charge as a felony by virtue of the two prior theft

---

[1]This provision was originally contained in subsection (d)(4)(C) of Section 31.03; it was redesignated as (e)(4)(C) in 1985 and again redesignated as (e)(4)(E) in 1989. *See* § 31.03, Historical and Statutory Notes (West 1994). In 1993, this provision was modified somewhat to increase the value of property appropriated in the third theft from (less than) $750 to (less than) $1,500; the subsection was redesignated (in 1993) as (e)(4)(D).

2

convictions, and at the subsequent punishment stage, after receiving evidence that he had nine prior felony convictions, sentenced Smallwood to 50 years imprisonment.

On direct appeal, the judgment of the trial court was affirmed[2], and discretionary review was subsequently refused by the Texas Court of Criminal Appeals on May 20, 1992. Smallwood's writ of habeas corpus was denied by the Texas Court of Criminal Appeals on September 8, 1993, and Smallwood then filed the instant petition for writ of habeas corpus in the district court below (*in forma pauperis* ) on September 27, 1993. The district court granted respondent's motion for summary judgment on August 16, 1994, concurrently ordering the dismissal of Smallwood's petition.

Smallwood now brings this appeal.[3]

---

[2]The Court of Appeals for the First District of Texas affirmed Smallwood's conviction and sentence after considering three points of error: (1) whether the simultaneous application of Tex.Penal Code Ann. Sections 31.03(e)(4)(E) and 12.42(d) results in "double enhancement", placing Smallwood in double jeopardy in violation of the Fifth, Eighth and Fourteenth Amendments; (2) whether Smallwood's punishment constituted cruel and unusual punishment in violation of the Fifth and Eighth Amendments; and (3) whether Section 31.03(e)(4)(E) is unconstitutional, violating Smallwood's rights to equal protection and due process of law. *Smallwood v. State,* 827 S.W.2d 34 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). One justice on the Court of Appeals, relying on *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) dissented from the holding that Smallwood's sentence did not constitute cruel and unusual punishment. *Smallwood* at 38-40. The Court of Appeals did not address the issue of whether constitutional error occurred when the trial court refused to give a limiting instruction in the jury charge regarding the jury's consideration of evidence of Smallwood's prior theft convictions.

[3]We previously granted Smallwood's motion for certificate of probable cause, the district court having earlier denied such relief.

## Discussion

Smallwood presents four points of error. We discuss these *seriatim.*

Smallwood's first point is that the district court erred in its application of the Supreme Court's decision in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), to Smallwood's claim that his sentence of fifty years for misdemeanor theft—made a felony by virtue of being a third theft conviction, and enhanced pursuant to Texas' habitual offender statute—is grossly disproportionate to his crime in violation of the Eighth Amendment. Smallwood contends that the district court should instead have applied the guidelines for reviewing Eighth Amendment claims set out in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[4] We disagree.

In *Rummel,* the Supreme Court held that a sentence of life imprisonment with an opportunity for parole after twelve years did not constitute cruel and unusual punishment in a situation where the defendant, convicted of obtaining $120.75 by false pretenses, had two prior felony convictions. In so holding, the Court emphasized a point clearly relevant to Smallwood's contentions of disproportionality: recidivist statutes punish not only the offense of conviction but also the "propensities" of the defendant demonstrated by his prior convictions for other crimes. *Id.* at

---

[4]*Solem* was overruled to the extent that it found in the Eighth Amendment a guarantee of proportionality. *Harmelin v. Michigan,* 501 U.S. 957, 965-66, 111 S.Ct. 2680, 2686, 115 L.Ed.2d 836 (1991).

4

283-285, 100 S.Ct. at 1144-1145;  *see also McGruder v. Puckett,* 954 F.2d 313, 316 & n. 3 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992).

In *Solem,* the Supreme Court held that a sentence of life imprisonment *without* the possibility of parole—imposed against a defendant convicted of uttering a worthless check in the amount of $100—violated the Eighth Amendment's prohibition against cruel and unusual punishment.  The defendant's sentence had been enhanced pursuant to a South Dakota recidivist statute.  463 U.S. at 296-97, 103 S.Ct. at 3013.  In reaching its decision, the Supreme Court enumerated several criteria to be considered in determining whether a sentence is unconstitutionally disproportionate to the offense: (1) the gravity of the offense relative to the harshness of the penalty;  (2) the sentences imposed on other criminals in the same jurisdiction;  and (3) the sentences imposed for commission of the same offense in other jurisdictions.  *Id.* at 292-94, 103 S.Ct. at 3011.  The Court distinguished *Rummel* on its facts and stated that *Rummel* was controlling only in a similar factual situation.  *Id.* at 296-297, 300-305 & n. 32, at 3013, 3015-3017 & n. 32.

This Court has noted that *Rummel* survived *Solem,* and controls in cases with factual situations not "clearly distinguishable" from *Rummel.  Burt v. Puckett,* 933 F.2d 350, 352 (5th Cir.1991).  We also recently observed that the Supreme Court's opinion in *Solem* must be viewed in light of *Harmelin v. Michigan, supra,* which upheld the imposition of a sentence of life imprisonment without possibility of parole against a defendant convicted of possessing

5

more than 650 grams of cocaine. *McGruder v. Puckett, supra,* 954 F.2d at 315. In light of *Harmelin,* it appears that *Solem* is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of "gross disproportionality." 501 U.S. at 1005, 111 S.Ct. at 2707. Based on *Harmelin,* we concluded that "[o]nly if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test ..." *McGruder,* 954 F.2d at 316.

This Court has grappled with this threshold determination of gross disproportionality on at least two occasions. In *McGruder,* we noted that the defendant had a record of prior convictions which included two separate convictions for armed robbery. Considering that McGruder's prior convictions included two crimes of violence per se, and that Rummel's predicate offenses were "non-serious"—passing a bad check and passing a forged check—and further considering that Rummel nevertheless received a mandatory life sentence with a possibility of parole, this Court concluded that "[t]here can be no argument, in the light of *Rummel,* that McGruder's sentence is disproportionate, much less *grossly* disproportionate, to his offense.... Rummel's record of offenses was much less grave than McGruder's." *Id.* at 317.

We applied a similar analysis in *Duhr v. Collins,* No. 93-8169, 20 F.3d 469 (5th Cir. Mar. 29, 1994) (unpublished). In *Duhr,* the indictment charged the defendant with misdemeanor DWI and alleged three prior DWI convictions, the charged misdemeanor DWI offense

accordingly becoming a felony.  No. 93-8169 at 2.  Furthermore, Duhr's prior convictions for possession of marihuana, theft by taking and three separate check thefts combined to expose him to a maximum enhanced sentence of 99 years, with possibility of parole; the jury sentenced Duhr to 99 years.  *Id.*[5]  In deciding to follow the Supreme Court's reasoning in *Rummel,* we concluded that:

> "As in *Rummel,* none of Duhr's convictions were for crimes of violence.  However, as the district court observed, felony DWI is arguably a more serious crime than the theft conviction at issue in *Rummel* due to the obvious threat drunk drivers pose to other motorists and pedestrians."  *Id.* at 9.

*McGruder* and *Duhr* may provide a litmus test of sorts for determining whether a sentence is grossly disproportionate to an offense.  The present case, however, involves a situation in which the gravity of Smallwood's prior convictions and offense of conviction do not plainly "exceed" the gravity of the corresponding offenses in *Rummel.*  Rummel's conviction for obtaining $120.75 by false pretenses was enhanced based on his prior felony convictions for (1) fraudulently using a credit card to obtain $80 worth of

_____

[5]Without elaboration, this Court thereby clarified in *Duhr* that *Rummel* shall apply to situations in which a defendant's offense of conviction is "doubly enhanced", once from a misdemeanor to a felony, and again pursuant to a recidivist statute.  It should also be noted that the Texas Court of Criminal Appeals has held that theft offenses may be doubly enhanced by the combined application of Sections 31.03(e)(4)(E) and 12.42(d) of the Texas Penal Code, so long as the prior felony convictions used to enhance punishment are for offenses other than theft.  *Foster v. State,* 603 S.W.2d 879, 880 (Tex.Crim.App.1980);  *Rawlings v. State,* 602 S.W.2d 268, 270 (Tex.Crim.App.1980).  In *Gant v. State,* 606 S.W.2d 867, 871 n. 9 (Tex.Crim.App.1980), the Texas Court of Criminal Appeals further observed that the application of Section 12.42(d) in this context did not constitute an enhancement for punishment purposes.  Rather, the two or more prior theft convictions are elements of felony theft, *not* enhancements.

goods and services and (2) passing a forged check in the amount of $28.36. 445 U.S. at 263, 100 S.Ct. at 1133. Smallwood's felony conviction for theft of goods valued at $27.64, after two prior theft convictions, was enhanced based on his prior felony convictions for burglary of a building and unlawful possession of a controlled substance. The district court rightly considered Rummel's conviction for obtaining $120 by false pretenses and Smallwood's theft of $27.64 worth of goods to be at least "of similar gravity and thus not distinguishable for the purposes of Eighth Amendment analysis." Furthermore, Smallwood's prior non-theft convictions could likewise be characterized as comparable in magnitude to Rummel's. Therefore, the present case does not lend itself to the threshold finding that this Court made in *McGruder* and *Duhr.*

This distinction aside, however, the rationale supporting our conclusions in *McGruder* and *Duhr* applies equally to the present situation. If Rummel's sentence was not grossly disproportionate to his offense, the same must be true of Smallwood's sentence. The similarities between the convictions at issue in *Rummel* and at present are evident, and no compelling argument has been made that Smallwood's convictions are less grave than the "yardstick" convictions at issue in *Rummel.* Additionally, we note the district court's observation that Smallwood's sentence, like Rummel's, allows for the possibility of parole in approximately the same time. In upholding Duhr's ninety-nine year sentence, this Court emphasized the same ameliorative fact. No. 93-8169 at 9. Within

8

the analytical framework constructed in *McGruder* and *Duhr,* therefore, the present factual situation is not "clearly distinguishable" from *Rummel,* and an analysis of Smallwood's case under the criteria enumerated in *Solem* is not warranted.

The second point of error presented by Smallwood in this appeal is that he was denied due process and the right to trial by an impartial jury because the jury charge put Smallwood's two prior theft convictions before the jury and the trial court overruled Smallwood's objection that a limiting instruction should have accompanied this charge.

In *Thomas v. Estelle,* 587 F.2d 695 (5th Cir.1979), this Court emphasized that "federal courts are not rule-making bodies to promulgate state rules of criminal procedure. On habeas we are concerned with violations of state procedural rules only if the trial is by them rendered fundamentally unfair." *Id.* at 698. By including Smallwood's prior theft convictions in the body of the main jury charge, the state trial court did not violate any Texas procedural rule. On the contrary, the Texas Court of Criminal Appeals has held that, in instructing the jury in a criminal trial for an offense charged pursuant to Tex.Penal Code Ann. Section 31.03(e)(4)(E), "the prior theft offenses, as jurisdictional elements of the offense alleged, must be included in the body of the main charge before the jury is authorized to make a general finding of guilt ..." *Gant v. State,* 606 S.W.2d 867, 871

9

(Tex.Crim.App.1980).[6] Therefore, the trial court properly included the two prior theft convictions in the jury charge.[7]

The remaining issue is whether constitutional error occurred when the trial court overruled Smallwood's objections and refused to instruct the jury that it should not consider Smallwood's prior convictions as evidence of his guilt of the theft for which he was being tried. In *Spencer v. Texas,* the United States Supreme Court rejected a claim that Texas' use of prior convictions in this context was "so egregiously unfair upon the issue of guilt or innocence as to offend the provisions of the Fourteenth Amendment ..." 385 U.S. 554, 559, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967). The Court in *Spencer* addressed a situation in which a limiting instruction had been given by the trial court, directing the jury not to consider the prior convictions in passing upon the issue of guilt or innocence. 385 U.S. at 556-58, 87 S.Ct. at 650.[8] The

[6]Tex.Penal Code Ann. Section 31.03(e)(4)(E) codifies the offense of theft of a felony grade and vests the state district courts with jurisdiction. The elements of this upgraded theft offense are the ordinary elements comprising the theft offense of conviction as well as two prior convictions of any grade of theft. *Gant,* 606 S.W.2d at 871 (citing *Diamond v. State,* 530 S.W.2d 586 (Tex.Crim.App.1975)).

[7]No evidence of any prior offenses other than the two prior theft offenses alleged to make the instant theft a felony was before the jury before the punishment stage; nor were the habitual offender prior offense allegations read to the jury before the punishment stage.

[8]In *Spencer,* the Supreme Court noted that its ruling on the constitutional issue before it was limited to the procedures—involving the submission of prior convictions to the jury—embodied in Vernon's Ann.Tex.Code Crim.Proc. Art. 642 (1941). The Court recognized that Texas had just passed Vernon's Ann.Tex.Code Crim.Proc. Art. 36.01 (effective Jan. 1, 1966), and clarified that this new statute was not before the Court. *Id.*

10

Court afforded some insight, however, into its position regarding the utility, and perhaps even necessity, of limiting instructions in this context when it remarked:

> "To say the United States Constitution is infringed simply because this type of evidence may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence." *Id.* at 562, 87 S.Ct. at 653.

In *Thomas v. Estelle, supra,* this Court confronted a situation in which a limiting instruction had not been given in this context, and concluded that the absence of such a limiting instruction precluded the application of *Spencer.* 587 F.2d at 698. In *Thomas,* the district court had granted habeas relief to the petitioner because enhancement paragraphs containing evidence of petitioner's two prior felony convictions were read to the jury at the outset of the guilt-innocence portion of the petitioner's bifurcated trial, and the court did not give a limiting instruction: "the lower court apparently concluded that the lack of a limiting instruction allowed the jury to use this enhancement evidence to prejudice petitioner as one with criminal propensities." *Id.* This Court, however, did not reach the issue whether constitutional error resulted from the admission of prior conviction enhancement evidence without a limiting instruction because the petitioner in *Thomas* waived his right to raise this issue by failing to object or to request a limiting instruction at trial. *Id.* We nevertheless

---

385 U.S. at 569 n. 2, 87 S.Ct. at 650 n. 2. When *Spencer* was tried Texas did not bifurcate trials into guilt-innocence and punishment stages, and habitual offender allegations in the indictment were read to the jury.

observed that, "While we may think it wiser that enhancement paragraphs never be read in the separate guilt proceeding, as Texas law now requires, we cannot say that due process is denied if the paragraphs are read and followed by a limiting instruction." *Id.*

In the present case, Smallwood's counsel did timely object to opposing counsel's reference—in opening statement—to Smallwood's prior theft convictions and, subsequently, to the court's inclusion of Smallwood's two prior theft offenses in the jury charge. Before submission of the charge to the jury, counsel for Smallwood urged that the following instruction be read to the jury:

> "You are instructed that certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aide you, in passing upon the weight you will give his testimony and you will not consider the same for any other purpose."

The trial court overruled Smallwood's objections and refused to give this requested limiting instruction.

We decline, however, to reach the issue of whether the state trial court's actions in overruling the objections and refusing to give this requested limiting instruction constituted constitutional error because, even if the trial court did commit constitutional error, this Court clarified in *Thomas* that such error must have rendered the trial fundamentally unfair in order to afford a basis for relief under section 2254. 587 F.2d at 698. Applying this precept to a claim that a state court's admission of hearsay evidence violated the defendant's rights under the Confrontation

12

Clause, this Court noted that "federal habeas corpus relief will not be granted unless the error "had substantial and injurious effect or influence in determining the jury's verdict.' " *Pemberton v. Collins,* 991 F.2d 1218, 1226 (5th Cir.) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, ----, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993)), *cert. denied,* --- U.S. ----, 114 S.Ct. 637, 126 L.Ed.2d 596 (1993). In the present case, Smallwood was apprehended leaving a Fiesta Mart grocery store with packages of meat, which he had not paid for, concealed on his person. The officer from the Loss Prevention Office who apprehended Smallwood just outside the door of the store testified that Smallwood said, "I know what it's about. I'm not going to fight you. I just needed this." As we noted in *Thomas,* "The danger inherent in the admission of prior convictions is that juries may convict a defendant because he is a "bad man' rather than because evidence of the crime of which he is charged has proved him guilty." 587 F.2d at 698 (citing *Michelson v. United States,* 335 U.S. 469, 475-76, 69 S.Ct. 213, 218-219, 93 L.Ed. 168 (1948)). In the present case, the state trial court's actions in overruling Smallwood's objections and refusing to give the requested limiting instruction had no substantial and injurious effect or influence on the jury's verdict; the evidence of Smallwood's guilt is overwhelming.

We now turn to Smallwood's third point of error, which asserts that the simultaneous application of Tex.Penal Code Ann. Sections 31.03(e)(4)(E) and 12.42(d) constitutes double enhancement in violation of the Double Jeopardy Clause of the Fifth Amendment.

13

In determining whether the imposition of multiple punishments in a single proceeding violates the Double Jeopardy Clause, it is necessary to ascertain whether the legislative branch intended the punishment imposed. *Missouri v. Hunter,* 459 U.S. 359, 365-369, 103 S.Ct. 673, 678-679, 74 L.Ed.2d 535 (1983). "The legislature may impose whatever punishments it sees fit for any combination of crimes subject only to the limitations of the eighth amendment." *Davis v. Herring,* 800 F.2d 513, 516 (5th Cir.1986).

Smallwood's initial offense of conviction, a class B misdemeanor under Texas law, was made a felony grade offense pursuant to Tex.Penal Code Ann. Section 31.03(e)(4)(E). This in turn triggered the operation of Tex.Penal Code Ann. Section 12.42(d), the Texas habitual offender enhancement provision. Smallwood argues that Section 31.03(e)(4)(E) is a "special and specific" enhancement statute that was intended to apply to the exclusion of any other habitual offender provision. He contends that it is not at all clear that the state legislature intended for these two enhancement statutes to be applied in combination.

To the contrary, the Texas Court of Criminal Appeals has held that the Texas legislature did intend for Sections 31.03(e)(4)(E) and 12.42(d) to be applied in conjunction. *See Rawlings v. State,* 602 S.W.2d 268, 269-271 (Tex.Crim.App.1980); *Foster v. State,* 603 S.W.2d 879, 880-881 (Tex.Crim.App.1980). Accordingly, this Court is bound to accept the Texas courts' construction of these state

14

statutes. *Missouri,* 459 U.S. at 367-69, 103 S.Ct. at 679.[9] Moreover, the constitutionality of enhancement statutes such as Section 12.42(d) has been sustained against contentions that they violate "constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Spencer,* 385 U.S. 554, 560, 87 S.Ct. 648, 651. The "double enhancement" of Smallwood's offense did not, therefore, violate the Double Jeopardy Clause.

The fourth and final point of error presented by Smallwood is that Tex.Penal Code Ann. Section 31.03(e)(4)(E) is unconstitutional in that: (1) it denies defendants due process and equal protection; (2) it is applied discriminatorily and disproportionately to blacks and older defendants; and (3) it is ambiguous and overbroad. The first two of these claims can be considered together, as Smallwood's contention is that Section 31.03(e)(4)(E) denies equal protection in that it is applied discriminatorily and disproportionately to blacks, older defendants and other minorities, such as Mexican-Americans. In support of this claim, Smallwood states that he knows two other prisoners sentenced under the above statute, and that both of these prisoners are black. He concedes that his incarceration and insufficient funds have precluded "a survey and proper research to prove his point."

---

[9]Even where cumulative punishments for the same offense are authorized by the legislature, the Double Jeopardy Clause is not offended. *See United States v. McCarty,* 36 F.3d 1349, 1361 (5th Cir.1994) (citing *Missouri,* 459 U.S. at 365-67, 103 S.Ct. at 678).

In *Ross v. Estelle,* 694 F.2d 1008 (5th Cir.1983), this Court concluded that "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Id.* at 1011-1012. Smallwood's equal protection allegations do not constitute the kind of evidence necessary to raise a fact issue sufficient to warrant an evidentiary hearing. In *Wicker v. McCotter,* 798 F.2d 155 (5th Cir.1986), this Court recognized that, to raise a fact issue warranting an evidentiary hearing on an equal protection claim, "a statistical proffer must be "so strong that the results would permit no other inference but that they are the product of racially discriminatory intent or purpose.' " *Id.* at 157 (citations omitted). Smallwood not only does not meet this test, he has not alleged any facts which would even give rise to any suspicion of a reasonable possibility that that could be met.

Smallwood additionally contends that Section 31.03(e)(4)(E) denies equal protection because theft is the only offense of moral turpitude which includes a provision for enhancing a third offense misdemeanor to a felony. In support of this contention, he notes that the theft of services statute, Tex.Penal Code Ann. Section 31.04, contains no comparable provision.

When neither a fundamental right nor a suspect classification is implicated, a legislative classification is subject to review under the rational basis test to determine if the classification rationally promotes a legitimate governmental objective. *Brennan*

16

*v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988). The classification of "theft offenders" does not implicate a suspect class or impinge upon a fundamental right. Thus, the classification of theft offenders pursuant to Section 31.03(e)(4)(E) is subject to rational basis review. There has been no argument made, nor is there any reason to conclude, that the Texas legislature's decision to punish repeat theft offenders in this manner is not rationally related to a legitimate governmental objective. "The legislature has the authority to define different offenses and to provide different penalties for them." *Perkins v. Cabana,* 794 F.2d 168, 169 (5th Cir.), *cert. denied,* 479 U.S. 936, 107 S.Ct. 414, 93 L.Ed.2d 366 (1986).

Smallwood's final equal protection claim challenges the alleged practice by which the decision—left to the discretion of the prosecutor—to apply these two enhancement provisions together is made only after a defendant refuses a plea bargain. It is clear that due process is not violated when a state prosecutor exercises his discretion and charges a defendant as a habitual offender for refusing a plea bargain. *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

In the third component of this challenge to the constitutionality of Section 31.03(e)(4)(E), Smallwood claims that this statutory provision is ambiguous and overbroad. In support of this claim, Smallwood notes that: Section 31.03(e)(4)(E) reaches

17

thefts from $.01 to $750.00[10]; Texas courts have demonstrated some confusion over whether this statute is an enhancement statute; and, a person of common intelligence is required to guess whether the legislature intended that Section 31.03(e)(4)(E) may be joined with the habitual offender statute.

"A penal statute is void for vagueness unless it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *Buckley v. Collins,* 904 F.2d 263, 266 (5th Cir.), *cert. denied,* 498 U.S. 990, 111 S.Ct. 532, 112 L.Ed.2d 543 (1990) (*quoting Kolender v. Lawson,* 461 U.S. 352, 356-58, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). While it may be arguable that Texas courts have demonstrated some confusion regarding the characterization of Section 31.03(e)(4)(E) as an enhancement statute, this ambiguity can have no effect on Smallwood's understanding of what conduct is prohibited by Section 31.03(e)(4)(E)—theft. *See Gant v. State,* 606 S.W.2d 867, 871-872 n. 9 (Tex.Crim.App.1980). Smallwood fails to explain how the purportedly uncertain joint applicability of Sections 31.03(e)(4)(E) and 12.42(d) impacted his understanding of what conduct was prohibited. The fact that overlapping statutes create uncertainty as to which crime may be charged—and therefore which penalties might be imposed—does not render the overlapping statutes unconstitutionally ambiguous as long as the statutes

---

[10]This was the range of theft offenses encompassed within the language of Section 31.03(e)(4)(E) at the time Smallwood was charged.

18

clearly define the prohibited conduct and authorized punishment. *United States v. Batchelder,* 442 U.S. 114, 123-24, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979).

Finally, Smallwood's argument that Section 31.03(e)(4)(E) is overbroad must fail. A statute is overbroad if it reaches a substantial amount of constitutionally protected conduct. *Ferguson v. Estelle,* 718 F.2d 730, 732-733 (5th Cir.1983). Smallwood has failed to explain how stealing goods of *any* value might be constitutionally protected conduct.

## Conclusion

Having fully considered and rejected each of Smallwood's points of error, the judgment of the district court is accordingly AFFIRMED.