**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-20325
Summary Calendar

EDGAR WARD HAMILTON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(93-CV-0069)

March 7, 1996

Before POLITZ, Chief Judge, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:[*]

Edgar Ward Hamilton appeals the denial of his 28 U.S.C. § 2254 petition for writ of

habeas corpus wherein he alleged that his life sentence violated the eighth amendment, that

double jeopardy proscribes the use of an enhanced felony in conjunction with the habitual

offender statute, the evidence of the prior conviction was insufficient and the use of these

convictions was otherwise faulty, and he had ineffective assistance of trial counsel.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

<u>Background</u>

Hamilton was indicted for stealing a cordless telephone valued at more than $20 but less than $200, a misdemeanor. The indictment alleged, however, that he had two prior theft convictions and, as a result, the charge was enhanced to a felony under former Tex. Penal Code Ann. § 31.03(e)(4)(C).[1]

The indictment also charged that Hamilton had prior felony convictions for forgery and possession of a controlled substance. Under the habitual offender statute, Tex. Penal Code Ann. § 12.42(d), a jury may impose a sentence from 25 years to life for a third felony conviction. The jury convicted Hamilton of the enhanced felony and found two prior felony convictions for forgery and possession of a controlled substance. The jury then imposed a life sentence. On direct appeal the conviction and sentence were affirmed.[2]

The district court denied the instant habeas petition and also denied Hamilton's motion for CPC. We granted CPC and now affirm.

<u>Analysis</u>

Hamilton contends that his life sentence for a misdemeanor theft -- converted to a felony because it was a third theft conviction and then enhanced under the Texas habitual offender statute -- is grossly disproportionate to his crime and thus violates the eighth amendment. We addressed this issue recently in **Smallwood v. Johnson**,[3] holding that in a case such as is here presented, we are guided by the Supreme Court's decision in **Rummel**

---

[1]This section is now codified at Tex. Penal Code Ann. § 31.03(e)(4)(D).

[2]**Hamilton v. State**, 1992 WL 17408 (Tex.App. - Houston [14th Dist.] 1992, pet. ref'd.).

[3]73 F.3d 1343 (5th Cir. 1996).

**v. Estelle**.[4]  In **Rummel**, the Court held that a life sentence with an opportunity for parole did not constitute cruel and unusual punishment where the defendant was convicted of obtaining $120.75 by false pretenses and had two prior felonies.  Based on the teachings of **Smallwood** we hold that Hamilton's life sentence, under the circumstances here presented, does not violate the eighth amendment.

Hamilton also contends that the use of an enhanced felony in tandem with the habitual offender statute constitutes double jeopardy.  This contention was also addressed in **Smallwood**.  We there held that reliance on an enhanced sentence for invocation of the Texas habitual offender statute does not implicate double jeopardy.

Hamilton maintains that the trial court improperly relied on prior theft convictions in applying the habitual offender statute.[5]  This contention lacks merit.  The felonies relied upon for this aspect of the sentence were forgery and possession of a controlled substance.  The prior theft convictions were used to enchance the instant misdemeanor theft to a felony theft.  Hamilton challenges the use of one of the prior theft convictions, alleging its invalidity because neither he nor the district attorney signed the waiver of his right to a jury trial.  This is not a challenge of constitutional proportions and may not be raised in a 28 U.S.C. § 2254 petition.[6]

Hamilton next challenges the sufficiency of the evidence to support his conviction and enhancement.  We agree with the conclusions reached by the state appellate court that the

---

[4]445 U.S. 263 (1980).

[5]See **Rawlings v. State**, 602 S.W.2d 268 (Tex.Crim.App. 1980).

[6]We perforce note that under Texas law at that time he was not required to sign a waiver and the record reflects that the district attorney signed one.

3

evidence was sufficient.[7]  Hamilton additionally claims that two prior convictions alleged in the indictment were not final and therefore could not be used.  Texas authority forecloses this argument and it is Hornbook law that we routinely defer to a Texas court's interpretation of Texas law.[8]

Finally, Hamilton contends his counsel was constitutionally ineffective.  To succeed on this challenge Hamilton must show that his counsel's performance was defective and that his defense was prejudiced thereby.[9]  To establish prejudice Hamilton must show that his counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable.[10]  The record does not persuade of either such defective performance or such prejudice.

AFFIRMED.

---

[7]**Hamilton**; see **Jackson v. Virginia**, 443 U.S. 307 (1979).

[8]**Fierro v. Lynaugh**, 879 F.2d 1276 (5th Cir. 1989), cert. denied, 494 U.S. 1060 (1990).

[9]**Strickland v. Washington**, 466 U.S. 668 (1984).

[10]See **Lockhart v. Fretwell**, 113 S.Ct. 838 (1993).