**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-30090**
**Summary Calendar**

_____

**BENNY FRANK LONG,**

**Petitioner-Appellant,**

**versus**

**WARDEN, DIXON CORRECTIONAL INSTITUTION,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(98-CV-627)**

_____

October 29, 1999

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Benny Frank Long, Louisiana prisoner #133075, convicted for one count of aggravated rape of a minor child and five counts of attempted rape of another minor child, appeals the denial of his 28 U.S.C. § 2254 habeas petition. The district court granted a certificate of appealability (COA) for whether Long received ineffective assistance of his appointed counsel based on a conflict of interest. Long's motion for the appointment of counsel on appeal is **DENIED**.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Long bases his ineffective assistance of counsel claim on his attorney being elected district attorney of the parish where Long's trial was held. Long maintains that the election affected his attorney's relationships with Long and with the jury; and that his attorney's "tough on sex offender" campaign affected Long's defense.

Long's conflict-of-interest claim does not involve multiple representation of defendants; accordingly, his claims are reviewed under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). He must prove both that his attorney's performance was deficient; and that his defense was prejudiced by the deficient performance. *See Beets v. Scott*, 65 F.3d 1258, 1265-72 (5th Cir. 1995) (en banc), *cert. denied*, 517 U.S. 1157 (1996). Long does *not* contend that his attorney's performance was deficient; and, his claims that his defense was prejudiced are conclusional. *See Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir.), *cert. denied*, 519 U.S. 883 (1996).

Even if we were to assume, *arguendo*, that Long's attorney's election to the office of district attorney before Long's trial and the attorney's taking of the oath before Long's sentencing resulted in a conflict of interest, Long fails to show that such a conflict adversely affected his attorney's performance. *See Perillo v. Johnson*, 79 F.3d 441, 449 (5th Cir. 1996). Again, Long's conclusional allegations that such a conflict adversely affected his defense or his relationship with his attorney are insufficient to entitle him to habeas relief. *See Smallwood*, 73 F.3d at 1351.

Long also asserts that the trial court should have conducted

2

a hearing to determine his competency to stand trial.  Because Long did not seek, or obtain, a COA for this issue, we lack jurisdiction to consider it.  *See* **Muniz v. Johnson**, 114 F.3d 43, 45 (5th Cir. 1997) (court lacks jurisdiction to review claim for which COA was not sought or granted).

***AFFIRMED***
