947 So.2d 1002 (2006)
James Curtis KELLY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01961-COA.
Court of Appeals of Mississippi.
August 8, 2006.
Rehearing Denied November 21, 2006.
*1003 Dan W. Duggan, Jr., Brandon, attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. James Curtis Kelly was ordered to work at the Flowood Police Department to pay off fines by washing cars and doing janitorial work. While working at the police department on June 11, 2003, the Municipal Court Clerk for the City of Flowood, Linda Gross, noticed a money bag was missing from a drawer at the municipal building. After an investigation, Kelly was developed as a suspect. After acquiring Kelly's consent, Lieutenant David Gammill of the Flowood Police Department searched Kelly's car and discovered the money bag under the back seat. Gammill, along with Lieutenant Mickey Young, also from the Flowood Police Department, escorted Kelly back to the police department where Kelly attempted to break free several times. Gammill testified that after being advised of his rights, Kelly made statements regarding the theft to the officers present. Kelly testified that he did not make the statements and that he was not read his rights.
¶ 2. Kelly was tried before a jury in the Circuit Court of Rankin County on August 31, 2004. After a one-day trial, Kelly was found guilty of grand larceny. Pursuant to the violent habitual offender statute, Mississippi Code Annotated Section 99-19-83 (Rev.2000), Kelly was sentenced to life without the possibility of parole. Aggrieved, Kelly asserts one issue on appeal, which we quote verbatim:
The trial court committed reversible error in sentencing [Kelly] to life without parole because the sentence violates the 8th amendment under proportionality.
Finding no error, we affirm.

DISCUSSION
¶ 3. Sentencing is within the complete discretion of the trial court. Hoops v. State, 681 So.2d 521, 537 (Miss.1996). A sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute. Id. at 538 (citing *1004 Fleming v. State, 604 So.2d 280, 302 (Miss. 1992)). However, proportionality review is required in certain circumstances. Schankin v. State, 910 So.2d 1113, 1119(¶ 23) (Miss. Ct.App.2005).
¶ 4. Prior to this grand larceny conviction, Kelly pled guilty to three charges of armed robberies, one strong arm robbery, and one other grand larceny charge. Therefore, Kelly was sentenced as an habitual offender pursuant to Mississippi Code Annotated Section 99-19-83 (Rev. 2000), which reads:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 5. Kelly, however, argues that his sentence of life imprisonment without parole was not proportional to the present grand larceny offense. Kelly relies on the United States Supreme Court case of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), for this proposition. In Solem, Helm was convicted of uttering a "no account" $100 check. Id. at 281, 103 S.Ct. 3001. Because it was his seventh offense, Helm was subject to South Dakota's recidivist statute, and sentenced to life imprisonment without the possibility of parole. Id. The Court held that Helm's sentence was unconstitutional while stating that, as a matter of principle, a criminal sentence must be proportionate to the crime for which the defendant was convicted, per the Eighth Amendment. Id. at 290. Solem, however, was overruled in Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), to the extent that it found a guarantee of proportionality in the Eight Amendment. Hoops v. State, 681 So.2d 521, 538 (Miss.1996). "In light of Harmelin, it appears that Solem is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of `gross disproportionality.'" Id. (quoting Smallwood v. Johnson, 73 F.3d 1343, 1347-48 (5th Cir.1996)).
¶ 6. Kelly was sentenced within the mandatory statutory limits set out in Mississippi Code Annotated Section 99-19-83 for habitual offenders. Therefore, his sentence was not grossly disproportionate. Although severe mandatory penalties may be cruel, they are not constitutionally unusual, having been employed in various forms throughout our nation's history. Harmelin, 501 U.S. at 994-95, 111 S.Ct. 2680. The judgment of the trial court is affirmed.
¶ 7. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF GRAND LARCENY AND SENTENCE AS AN HABITUAL OFFENDER TO LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.